## EMPLOYMENT AGREEMENT

This Employment Agreement ("Agreement") is entered into this 1st day of October, 2012 by and between Circuitronix, LLC (the "Employer"), a limited liability company organized and existing under the laws of the State of Florida, whose principal place of business is located at 3131 SW 42nd Street Fort Lauderdale, FL 33312 and Sunny Kapoor ("Employee"), an individual, whose primary residence is located at 3470 East Coast Avenue (Employer and Employee are collectively referred to hereinafter as the "Parties").

## RECITAL

Employer desires to retain the continued employment of Employee, and Employee desires to remain in the employ of the Employer, under the terms set forth in the following Agreement.

**NOW THEREFORE,** in consideration of the foregoing recital, and other good and valuable consideration, the adequacy of which is hereby acknowledged, Employer and Employee, enter into the following Agreement.

## AGREEMENT

1. <u>Recital</u>:  The recital set forth above is hereby incorporated into this Agreement.

2. <u>Title; Description of Duties</u>:  Assistant CEO; responsible for all operations of the company including but not limited to Finance, Sales, Vendor Management, Human Resources, Administration and Systems. This position will report to the CEO or any other senior executive officer designated by the CEO.

3. <u>Duty of Loyalty and Best Efforts</u>:  During working hours, Employee shall devote all of his attention, knowledge, and skills to Employer's business interests and shall do so in good faith and by using his best efforts.  Employee acknowledges that Employer is reposing a significant amount of trust in Employee and that Employer will be relying on Employee for information and guidance.

4. <u>Place and Hours of Employment</u>:  Employee's duties shall be rendered at Employer's premises or at such other places as the Employer shall require.  The Employee shall be required to work, on average, no less than 40 hours per week.

5. <u>Compensation</u>:  Employee's salary shall be paid on a compensation plan as per Exhibit A. Employee acknowledges that he is a salaried professional who is exempt under the statutes governing payment of overtime, and that she shall not be entitled to overtime payment should she work more than forty hours in a week.

6. <u>Expense Reimbursement</u>:  Employee's expenses shall be reimbursed by the Employer in accordance with its expense reimbursement policies.  Any expenditure shall require prior written authorization.

7. <u>Employment Status</u>:  Notwithstanding anything herein to the contrary, Employee agrees to provide Employer with no less than six months prior written notice of Employee's

LBB CTX Employment Agreement Template (101012A)

Initials: Employer:_____ Employee S.K

1

intention to terminate Employee's employment hereunder. Although Employer is not obligated hereunder to provide Employee with prior notice of termination of employment, in the event that Employer does not provide Employee with no less than six months prior written notice of termination, Employer shall provide up to six months at an annual salary of $100,000 at the then applicable rate to Employee in accordance with the Employer's normal payroll practices.

8. <u>Restrictive Covenants</u>: Employee hereby acknowledges that the following Restrictive Covenants are reasonably necessary to further the Employer's legitimate business interests, including protecting the Employer's: (a) trade secrets; (b) valuable confidential business information or professional information; (c) substantial relationships with specific, prospective or existing customers; (d) customer goodwill associated with the Employer's trademarks and service marks; and (e) the know how embodied in the specialized training the Employee may receive. Each of the following covenants (collectively, the "Covenants") shall be construed as an agreement independent of any other provision of this Agreement; and the existence of any claim or cause of action by the Employee against the Employer, or any of its managers, members or managing member, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by the Employer of any of the Covenants. Employee hereby acknowledges that should he breach any of the Covenants that the Employer will not have an adequate remedy at law and that the Employer shall be immediately entitled to an injunction, without the necessity of posting a bond, upon proof that Employer is likely to prevail on the merits, restraining the Employee from violating the Covenant(s). Nothing contained herein shall be construed as prohibiting the Employer from pursuing any other remedies, including the recovery of damages and attorneys' fees, for a breach of any of the Covenants. Consistent with the foregoing, Employee shall be bound by the following Covenants:

    A.    <u>Covenant Not To Disclose Confidential Information</u>:

    i.    *Definition of Confidential Information:* Confidential Information shall mean any information of any kind, nature, or description concerning any matters affecting or relating to the business of the Employer, including without limiting the generality of the foregoing, the name and contact information of the Employer's customers, the prices the Employer obtains or has obtained from its customers, the Employer's advertising and marketing plans, the advertising and marketing plans that the Employer created for third parties, information about the Employer's business model and manner of operation, information contained in the Employer's personnel files, all financial information concerning the Employer, all information developed or acquired by the Employer relating to prospective or current business transactions and arrangements, the business agreements and understandings between the Employer and any of its affiliates, vendors or customers, the information related to the analysis of potential markets into which the Employer may expand, and all other non-public information that an Employee learns which relates to the Employer, its affiliates, vendors or customers.

    ii.    *Covenant Not to Disclose Confidential Information:* Employee shall not divulge, disclose, or communicate to any person, firm, or corporation at any time, in any fashion, form or manner, either directly or indirectly, any Confidential Information unless said disclosure is made in the ordinary course of the Employer's business, and the disclosure is reasonably intended to further the Employer's business interests.

iii. *Employee's Acknowledgement*: Employee acknowledges that: (a) maintaining the secrecy of the Confidential Information is important and gravely affects the effective and successful conduct of the Employer; (b) the Employer possesses "trade secrets" within the meaning of Florida Statutes, including Fla. Stat. § 688.01 *et. seq.*, and that the information contained in these trade secrets is included within the definition of Confidential Information; (c) the Employer is the sole owner of the Confidential Information, regardless of whether the Employee authored or conceived of the information; and (d) that the Employee's duty to maintain the Confidential Information confidential shall continue in perpetuity regardless of whether the Employee remains an employee.

B. <u>Covenant Not to Compete</u>: During the Employee's employment, and for three (3) years subsequent thereto, regardless of the reason for the termination, the Employee shall not (individually or as an officer, director, partner, joint venture, shareholder, agent, or independent contractor) compete with the Employer anywhere in the Globe. Employee acknowledges: (a) that the Employer's goods and services may expand over time and this restriction shall apply to all lines of business in which the Employer is providing goods and services at the time of the triggering event; (b) that the Employer does business or has plans to do business throughout the entire Globe, and therefore the geographic scope of this Covenant is reasonable; (c) that the time limitation is a reasonable estimation of the amount of time it would take for the Company to adequately protect its interests and d) in light of highly confidential information having been provided to Employee during recent negotiations involving an employee ownership plan participation and Employee's acceptance of increased compensation, sufficient consideration exists for purposes of this Section 8 (B).

C. <u>Covenant Not to Solicit Customers and Employees</u>: During the Employee's employment, and for five (5) years subsequent thereto, regardless of the reason for the termination, Employee shall not (individually or as an officer, director, partner, joint venture, shareholder, agent, or independent contractor) solicit, recruit, hire, or attempt to solicit, recruit or hire, directly or by assisting another to do so, a shareholder, officer, employee or agent of the: (a) Employer, (b) Employer's affiliates, or (c) Employer or its affiliates' vendors or customers. Employee acknowledges that in light of the highly confidential information provided to Employee during recent negotiations involving an employee ownership plan participation and Employee's acceptance of increased compensation, sufficient consideration exists for purposes of this Section 8 (C).

D. <u>Covenant to Return Confidential Information</u>: Employees are responsible for all Circuitronix, LLC property, materials, files, keys, equipment, tools or other property issued to them or in their possession or control. All Circuitronix, LLC property must be returned by employees on or before their last day of work. Where permitted by applicable laws, Circuitronix, LLC may withhold from the employee's check or final paycheck the cost of any items that are not returned when required. Circuitronix, LLC may also take all action deemed appropriate to recover or protect its property.

E. <u>Covenant Not to Conduct Business Outside of Authorized Territory</u>: Employee shall not provide services to customers who would use the Employer's services or solicit any such customers, unless Employer authorizes the solicitation or transaction.

9. <u>New Customers or Clientele Generated While at Work</u>: Employee acknowledges that any customers or vendors with which he establishes a business relationship during his

employment are Employer's customers and vendors and, therefore, are subject to the non-disclosure, non-compete and non-solicitation covenants set forth above.

10. <u>Adherence to Employer's Policies, Procedures, Rules and Regulations</u>: Employee shall adhere by all of the policies, procedures, rules and regulations that are, or hereafter may be, promulgated by Employer.

11. <u>Lawful Acts or Practices</u>: Employee shall abide by all applicable laws and regulations during the performance of his duties; but if Employee becomes aware that he has violated any law or regulation he shall immediately notify Employer. Similarly, Employer intends to comply with all laws and regulations; but if Employee becomes aware that Employer has violated any law or regulation Employee shall immediately notify Employer.

12. <u>Copyrights, Inventions and Patents</u>: All copyrights in original works of authorship created by Employee, during the course of his employment, that refer or relate to the Employer's business, either directly or indirectly, shall, if possible, be deemed works made for hire under the Copyright Act and, if work made for hire status is not possible, shall be assigned to Employer, who, under either scenario, shall be the sole and exclusive owner of the copyrights. All patentable inventions conceived of during the course of Employee's employment, which refer or relate to the Employer's business, either directly or indirectly, shall be and hereby are assigned to Employer who shall be the sole and exclusive owner thereof. The foregoing transfers shall occur regardless of where the work was created or where the invention was conceived, and regardless of whose tools were used to create the work or conceive of the invention.

13. <u>Indemnification From Third Party Claims</u>: Employee shall indemnify, defend, save, and hold harmless Employer, its shareholders, officers, directors, and other agents (other than Employee) from and against all claims, liabilities, causes of action, damages, judgments, attorneys' fees, court costs, and expenses which arise out of or are related to Employee's performance of his duties or which are the result of his conduct while engaging in any activity outside the scope of duties. Employee understands that this obligation of indemnification shall survive the expiration or termination of this Agreement.

14. <u>Attorneys' Fees And Costs</u>: The prevailing party shall be entitled to its attorneys' fees and costs in any dispute between a party to this Agreement whether said dispute relates to this Agreement or otherwise, including those attorneys' fees and costs related to pre-litigation investigations and negotiations, as well as those attorneys' fees and costs associated with litigation, arbitration, appeals and quasi-judicial proceedings. For the purposes of this section, the word "costs" shall be deemed to include copying costs, travel costs, filing fees, government fees, and those fees reasonably incurred for the retention of expert witnesses and accountants.

15. <u>Financial Projections</u>: Employee understands that any projections regarding the financial status or potential for growth of Employer are matters of opinion only and do not constitute a legally binding representation or warranty.

16. <u>High-Low Agreement</u>: Employee acknowledges that the damages to the Employer should Employee breach a Covenant in this Agreement may be difficult to quantify; and therefore Employee authorizes the Court to enter judgment within the range set forth below regardless of the evidence that is proffered on damages. In the event that Employee is adjudged liable for breaching a Covenant, then Employer shall receive at a minimum two hundred and

fifty thousand dollars ($250,000.00) and a maximum of ten million dollars ($10,000,000.00) in damages. Employee acknowledges that at the time he signed this Agreement, he reasonably believed that the damages to the Employer would be within this range should he breach any of the Covenants contained herein.

17. <u>Waiver of Breach</u>: The waiver by the Employer for a breach of any provision of this Agreement shall not operate as a waiver of any subsequent breach. No waiver shall be valid unless placed in writing and signed by the Employer.

18. <u>Construction</u>: Each party acknowledges that they have had an equal opportunity to negotiate and draft this Agreement and, therefore, that the rule that an Agreement should be construed against its drafter is inapplicable. Whenever in this Agreement a pronoun is used in reference to any person or entity, natural or otherwise, the singular shall include the plural, and the masculine shall include the feminine or the neuter, as required by context. Titles are included for the reader's convenience only and do not form a part of this Agreement nor should they be used in interpreting this Agreement. If there is any ambiguity about the scope of one of the Covenants then the court shall give the Covenant an interpretation which prohibits the activity and the issue shall not be submitted to jury.

19. <u>Governing Law and Venue</u>:

    A. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida or, at the option of Employer, the laws of any jurisdiction in which Employer commences any suit, action or proceedings relating to this Agreement ("Proceedings") (other than such jurisdiction's rules of conflicts of laws to the extent that the laws of another jurisdiction would be required thereby).

    B. With respect to any Proceedings, Employee irrevocably:

        i. submits to the nonexclusive jurisdiction of the courts of the State of Florida and the United States District Court located in the Broward County, Florida; and

        ii. waives any objection which it may have at any time to the laying of venue of any Proceedings brought in any such court, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such Proceedings, that such court does not have jurisdiction over Employee.

Nothing in this Agreement precludes Employer from bringing Proceedings in any other jurisdiction nor will the bringing of Proceedings in any one or more jurisdictions preclude the bringing of Proceedings in any other jurisdiction.

20. <u>Entire Agreement</u>: This Agreement represents the parties' full and complete understanding regarding their employment relationship. All prior agreements, covenants, representations or warranties, express or implied, oral or written, that refer or relate to their employment relationship have either been merged into this Agreement or intentionally omitted from this agreement. This Agreement supersedes any and all prior Agreements or understandings between Employer and Employee.

LBB CTX Employment Agreement Template (101012A)

5

Initials: Employer:_____ Employee_S·K_

21. <u>Modifications</u>: Any modification to this Agreement shall only bind the parties if it is in writing and signed by the Parties.

22. <u>Severability</u>: In the event that any of the terms, conditions or covenants of this Agreement are held to be unenforceable or invalid the validity and enforceability of the remaining provisions, or portions thereof, shall not be affected thereby and effect shall be given to the remaining provisions.

23. <u>Submission to Drug Testing</u>: Employee agrees and understands that it is the policy of Employer to maintain a drug-free work place. Employee consents to a pre-hire drug-screening test. Employee understands that Employer has the right, upon reasonable suspicion, to demand that Employee immediately undergo testing for the presence of illegal or inappropriate drug usage.

24. <u>Email, Telephone, Mail and Computer Use</u>: Employee shall only use Employer's e-mail, internet, telephone and computer systems for business purposes. All messages sent on the e-mail system are Employer's records and property and may be reviewed by Employer at any time. Personal use of the telephone or company issued cell phone for long-distance and toll calls is not permitted. Employees should practice discretion when making local personal calls and may be required to reimburse Circuitronix, LLC for any charges resulting from their personal use of the telephone and/or cell phone. The mail system is reserved for business purposes only. You are not permitted to use Company-paid postage for personal correspondence. Employees should refrain from sending or receiving personal mail at the workplace. Discriminatory, harassing, offensive or otherwise improper communication of any kind is strictly prohibited.

25. <u>Successors and Assigns</u>: Employer's rights and obligations under this agreement shall inure to the benefit and bind Employer's successors and assignees.

26. <u>Further Actions</u>: Each party agrees to take all such other and further actions as may be necessary to carry out the intents and purposes of this Agreement.

**AGREED TO AND ACCEPTED BY:**

| **EMPLOYER:** | **EMPLOYEE** |
|---|---|
| **CIRCUITRONIX, LLC** | |
| Signature: _[signature]_ | Signature: _[signature]_ |
| Printed: RISHI KURJETA | Printed: SUNNY KAPOOR |
| Title: 10/12/2012 CEO | Dated: 10/12/2012 |
| Dated: 10/12/2012 | |

Exhibit A

Plan 1 :

Effective Date :  1st of October, 2012

Until :   30th of June, 2013 with the exception that the Employee can elect to move to HKG on 1st of January, 2013 and advise the company of his decision No Later Than 1st of December, 2012 in which case he will transit to Plan 2 as of 1st of January, 2013.

Base Salary : $60,000

ULT Commissions : 1% of all collections minus any freight and debit notes.

Commissions on all Circuitronix, USA and Circuitronix, HKG accounts besides Honeywell Plastic and Rubber Parts :  0.15% of all collections minus any freight and debit notes.

Commissions on all new accounts  ( Lear, Cebu, Lear, China, Methode, Leoni, Draxelmaier, Helbako ) for Circuitronix, USA and Circuitronix, HKG will be counted as new accounts in addition to any account where the company has received no Purchase Orders as of the 1st of October, 2012 :  0.33%

Plan 2 :

Effective Date : 30th of June, 2013 .

Until :   Indefinitely or until Employment status is terminated as per Clause 7 of the Employment Agreement  with the  exception that  at  Employee's sole discretion be moved to 1ST  of January, 2013 if Employee accepts to move to HKG by then. Employee has to inform the Employer of his plans No Later Than   1st of December, 2012. After 1st of July,  2013 the Employee will be located either in Miami or HKG at Employer's sole discretion.

Base Salary : $60,000

1% of the  of the company payables on a monthly basis for both Circuitronix, USA and Circuitronix, HKG besides Honeywell Injection Molding and Rubber business which would be manufactured in Mexico ( this is different than the exclusion in Plan 1) .

In either of the two plans and irrespective of the place of work of the Employee : HKG or Miami Company will not pay for any living expenses.  Company will pay for relocation costs to HKG at actuals.

IN BOTH PLANS CIRCUITRONIX WILL GUARANTEE $100K IN COMPENSATION.

*S·K*