UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61446-BB

CIRCUITRONIX, LLC,
A Florida Limited Liability Company,

      Plaintiff,

v.

SUNNY KAPOOR,
an Individual

      Defendant.
_____/

SUNNY KAPOOR,
an Individual

      Counter-Plaintiff,

v.

RISHI KUKREJA,
an Individual, and
CIRCUITRONIX, LLC,
a Florida Limited Liability Company

      Counter-Defendants.
_____/

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL</u>**

Defendant, Sunny Kapoor ("**Defendant**" or "**Kapoor**"), pursuant to Fla. R. Civ. P. 1.140, hereby files his Answer, Affirmative Defenses, and Counter-Claim, to the Complaint ("Complaint"), filed by Plaintiff, CIRCUITRONIX, LLC, ("**Plaintiff**" or "**Circuitronix**"), as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of the Complaint:

**PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff purports to bring this action for damages as alleged, but denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Defendant denies the remaining allegations in paragraph 1.

2. Defendant admits that Circuitronix is in the business of buying and selling circuit boards. Unless expressly admitted herein, Defendant denies the remaining allegations of Paragraph 2.

3. Defendant admits that he was an employee of Circuitronix, that he worked in Circuitronix's Hong Kong office as a Supply Chain Director, and that he was unlawfully terminated on or about March 15, 2015 in retaliation for refusing to engage in Plaintiff's unlawful activities. Defendant also admits that his employment contract contained covenants. Unless expressly admitted herein, Defendant denies the remaining allegations of Paragraph 3.

4. Denied.

**JURISDICTION AND VENUE**

5. Defendant denies that Plaintiff has stated a cause of action with an amount in controversy in excess of $75,000.00. However, Defendant has asserted counterclaims with an amount in controversy in excess of $75,000.00 and, on that basis, admits that this Court has Jurisdiction over Plaintiff's claims as well as Defendant's counterclaims stated herein. Defendant otherwise denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits that venue is proper in this district for Defendant's counterclaims, as well as Plaintiff's claims. Defendant otherwise denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 6.

7. Denied.

## **FACTS**

8. Defendant admits that Circuitronix is in the business of distributing printed circuit boards. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 8.

9. Admitted.

10. Denied.

11. Defendant admits that Kapoor was temporarily relocated to Hong Kong by Plaintiff. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 11.

12. Admitted.

13. Admitted.

14. Defendant admits that Paragraph 14 accurately quotes language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits that Paragraph 15 accurately quotes language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that Paragraph 16 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits that Paragraph 17 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 17.

18. Defendant admits that Paragraph 18 accurately quotes language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits that Paragraph 19 accurately quotes language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that Paragraph 20 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that Paragraph 21 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 21.

22. Defendant admits that Paragraph 22 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits that Paragraph 23 accurately quotes language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 23.

24. Defendant admits that Paragraph 24 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 24.

25. Defendant admits that Paragraph 25 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits that Paragraph 26 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that Paragraph 27 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 27.

28. Defendant admits that Paragraph 28 accurately paraphrases language from Exhibit B of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 28.

29. Defendant admits that Kapoor was sent to Hong Kong in July 2013 to work as Supply Chain Director. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 alleges facts which are clearly speculative in nature and Defendant denies the allegations on that basis.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendant admits that Paragraph 51 accurately paraphrases language from an April 28, 2015 letter sent to Kapoor. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 51.

52. Defendant admits that on June 26, 2015, counsel for Kapoor sent letters to Circuitronix appropriately demanding payment for damages to Kapoor which are accurately and appropriately addressed in Defendant's Counterclaims. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 52.

## COUNT I
## Breach of Contract

53. Admitted.

54. Defendant admits that Paragraph 54 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 54.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant admits that Paragraph 59 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 59.

60. Defendant admits that Paragraph 60 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 60.

61. Defendant admits that Paragraph 61 accurately paraphrases language from Exhibit A of Plaintiff's Complaint and purports to perform calculations consistent with that language. Defendant denies the applicability of these calculations to Defendant or that they are appropriate. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 61.

In response to the unnumbered WHEREFORE clause following paragraph 61 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever in this action.

## COUNT II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

62. Defendant states that paragraph 62 does not require an answer because it merely asserts legal conclusions rather than stating factual allegations. To the extent an answer is required from Defendant, Defendant denies the allegations of paragraph 62.

63. Defendant admits that Paragraph 63 accurately paraphrases language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 63.

64. Denied.

65. Defendant states that paragraph 65 does not require an answer because it merely asserts legal conclusions rather than stating factual allegations. To the extent an answer is required from Defendant, Defendant denies the allegations of paragraph 65.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

In response to the unnumbered WHEREFORE clause following paragraph 69 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever in this action.

## COUNT III
### Breach of Fiduciary Duty and Duty of Loyalty

70. Defendant admits that Paragraph 70 accurately quotes language from Exhibit A of Plaintiff's Complaint. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 70.

71. Denied.

72. Defendant states that paragraph 72 does not require an answer because it merely asserts legal conclusions rather than stating factual allegations. To the extent an answer is required from Defendant, Defendant denies the allegations of paragraph 72.

73. Denied.

74. Denied.

75. Denied.

In response to the unnumbered WHEREFORE clause following paragraph 75 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever in this action.

## COUNT IV
### Misappropriation of Trade Secrets under § 688.0001, Fla. Stat.

76. Defendant states that to the extent paragraph 76 merely asserts legal conclusions, no answer is required by Defendant. To the extent an answer is required from Defendant, Defendant states that while Plaintiff's Complaint purports to state a claim for damages as alleged, Defendant denies that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 76.

77. Denied.

78. Defendant admits that Kapoor signed Exhibit A. Unless otherwise expressly admitted herein, Defendant denies the remaining allegations in paragraph 78.

79. Denied.

80. Denied.

81. Denied.

In response to the unnumbered WHEREFORE clause following paragraph 81 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever in this action.

## COUNT V
### Tortious Interference with an Advantageous Business Relationship

82. Admitted.

83. Admitted.

84. Denied.

85. Denied.

86. Denied.

In response to the unnumbered WHEREFORE clause following paragraph 86 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever in this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Counter-Plaintiff demands a trial by jury on all issues so triable in this matter.

## GENERAL DENIAL

All other allegations, contentions, claims or prayers for relief not specifically responded to are hereby expressly denied.

## AFFIRMATIVE DEFENSES

Kapoor sets forth below his affirmative defenses. Each affirmative defense is asserted, to the extent appropriate, as to all causes of action against Kapoor. By setting forth these defenses, Kapoor does not assume any burden of proof or of persuasion regarding any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Kapoor denies liability under all of Plaintiff's causes of action and holds Plaintiff to strict proof thereof. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted against Kapoor.

## SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate its damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Kapoor cannot be held liable for damages claimed by plaintiff that are the result of actions taken by plaintiff that it was not legally obligated to perform.

**SEVENTH AFFIRMATIVE DEFENSE**

Kapoor is not liable for any damages due to the supervening and/or intervening actions of plaintiff and/or third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are speculative.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages claims, for which plaintiff has not yet sustained any damages, are unripe.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because plaintiff has not suffered any legally cognizable damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred by the doctrine of merger and bar.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims should be barred, in whole or in part, due to doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims that are premised on an alleged breach of fiduciary duty should be barred, in whole or in part, on the grounds that Plaintiff's principal, Rishi Kukreja, stood in a superior position

over Defendant and actually owed Defendant a fiduciary duty, which he breached by attempting to compel Plaintiff to participate in unlawful activities. Through Kukreja's breach of his fiduciary duties owed Defendant, Plaintiffs should be barred from asserting any breaches of an alleged fiduciary duty owed Plaintiffs.

## **RESERVATION OF RIGHTS**

Kapoor reserves the right to rely upon any additional defenses that become available or apparent during discovery or otherwise during the pendency of this action and reserves the right to amend his Answer to assert such additional defenses. Further, any and all allegations contained in the Complaint which have not yet been admitted, denied, or otherwise explained are now denied as if set forth specifically herein.

## COUNTER-CLAIM

Counter-Plaintiff Sunny Kapoor ("Mr. Kapoor"), pursuant to Federal Rule of Civil Procedure 13, hereby sues Counter-Defendant, CIRCUITRONIX, LLC, ("Circuitronix"), and Counter-Defendant, RISHI KUKREJA ("Mr. Kukreja") (collectively "Counter-Defendants"), and in support alleges:

## INTRODUCTION

1. This is an action by Mr. Kapoor against his former employer and its owner for unpaid wages, breach of employment agreement, violation of the Florida Whistle Blower Act, and civil theft. Mr. Kapoor seeks recovery of lost past and future income, plus recovery of additional compensatory damages and reasonable attorneys' fees, together with other relief available from this Court.

## JURISDICTION

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Mr. Kapoor is a citizen of the Republic of India while his employer and its owners are citizens of the state of Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)-(3).

4. All conditions precedent to bringing this action have either occurred or been waived.

## GENERAL FACTUAL ALLEGATIONS

5. Circuitronix manufactures and distributes printed circuit boards to various industries, including automotive, industrial, lighting, and security systems.

6. During the relevant times, Mr. Kapoor was employed in an executive capacity role by Circuitronix.

7. During the relevant times, Mr. Kukreja served as the owner of Circuitronix.

8. On or about October 1, 2012, Mr. Kapoor entered into an employment agreement with Circuitronix. (Attached as Exhibit A to Plaintiff's Complaint and hereinafter referred to as "Original Agreement").

9. On or about November 20, 2013, Mr. Kapoor entered into an amended employment agreement with Circuitronix. (Attached as Exhibit B to Plaintiff's Complaint and hereinafter referred to as "Amended Agreement").

10. By their own terms, the provisions of the Original Agreement remained in full force and effect unless expressly modified by the Amended Agreement. *See* Amended Agreement at ¶ 12.

11. The Original Agreement required that if Mr. Kapoor became aware of any unethical or unlawful practices by his employer, Circuitronix, he needed to report such to his employer. *See* Original Agreement at ¶11.

12. Starting around the Fall 2014, Mr. Kapoor began reporting unethical and unlawful practices by Circuitronix and Mr. Kukreja to Mr. Kukreja.

13. Specifically, Mr. Kapoor voiced his disapproval of these unethical and unlawful practices, which included (i) utilizing the mail and wire to share false, misleading, and otherwise deceptive information about Circuitronix, including sharing falsified financial statements, (ii) making material misrepresentations to customers and vendors, and (iii) violating manufacturing laws and regulations.

14. In response, Circuitronix and Mr. Kukreja pressured Mr. Kapoor that he either participate in the unethical and unlawful practices, or his compensation structure could be altered and his employment terminated.

15. After Mr. Kapoor refused to participate in the unethical and unlawful practices, Circuitronix and Mr. Kukreja altered Mr. Kapoor's compensation structure.

16. After Mr. Kapoor refused to participate in the unethical and unlawful practices, Circuitronix and Mr. Kukreja withheld at least $125,000.00 in wages earned for Mr. Kapoor's services rendered between January 1, 2015 and March 15, 2015.

17. Eventually, on or about March 15, 2015, and after Mr. Kapoor maintained his stance on the unethical and unlawful practices and also inquired about the status of his unpaid wages, Circuitronix and Mr. Kukreja terminated Mr. Kapoor's employment.

18. The Original Agreement required Circuitronix to give a six (6) month written notice, otherwise Mr. Kapoor would be owed a $50,000.00 early termination payment. *See* Original Agreement at ¶ 7.

19. Additionally, Circuitronix and Mr. Kukreja then articulated a basis for failing to pay Mr. Kapoor's wages (*i.e.* that he has allegedly committed unspecified and unidentified breaches of his contracts with Circuitronix) that was not only contrived but also evidenced a criminal intent to deprive Mr. Kapoor of properly earned wages owed.

20. Accordingly, on or around June 26, 2015, and pursuant to the requirements of 772.11, Fla. Stat., Mr. Kapoor (through counsel) sent a civil theft demand to Circuitronix and Mr. Kukreja.

## COUNT I – BREACH OF CONTRACT
### (As to Circuitronix)

21. Mr. Kapoor re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

22. Mr. Kapoor had a written employment agreement with Circuitronix. See Original Agreement and Amended Agreement.

23. The written employment agreement required Circuitronix to pay Mr. Kapoor wages. *See* Original Agreement at ¶ 5.

24. The written employment agreement required Circuitronix to reimburse Mr. Kapoor for business-related expenses. *See* Original Agreement at ¶ 6.

25. The written employment agreement required Circuitronix to give Mr. Kapoor a six (6) month notice before terminating the employment relationship, otherwise Mr. Kapoor would be owed a $50,000.00 early termination payment. *See* Original Agreement at ¶ 7.

26. Circuitronix breached the written employment agreement by failing to pay Mr. Kapoor certain wages, by failing to reimburse Mr. Kapoor for business-related expenses, and by failing to pay Mr. Kapoor the early termination payment.

27. As a direct result, Mr. Kapoor suffered damages for unpaid wages (amounting to at least $125,000.00), unreimbursed business-related expenses (amounting to at least $30,000.000), and unpaid early termination amount ($50,000.00).

28. Mr. Kapoor is entitled to recover his attorney's fees under the written employment agreement.  *See* Original Agreement at ¶ 14.

WHEREFORE, Counter-Plaintiff, Mr. Kapoor, seeks an order requiring Counter-Defendants to pay Mr. Kapoor compensatory damages, plus pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems proper.

## COUNT II – UNLAWFUL RETALIATION
### (As to Circuitronix)

29. Mr. Kapoor re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

30. At all times material, Counter-Defendants were both employers of Mr. Kapoor, under Fla. Stat 448.101(3).

31. During Mr. Kapoor's employment with Counter-Defendants, Mr. Kukreja asked Mr. Kapoor to engage in the unlawful activities described herein, including but not limited to: (i) utilizing the mail and wire to share false, misleading, and otherwise deceptive information about Circuitronix, including sharing falsified financial statements, (ii) making material misrepresentations to customers and vendors, and (iii) violating manufacturing laws and regulations; (iv) unlawful withholding of Mr. Kapoor's wages.

32. These activities violated State and Federal law including but not limited to: (i) 18 U.S. Code Chapter 63 – Mail Fraud and Other Fraud Offenses, (ii) Fla. Stat 812.014 – Theft of Mr. Kapoor's wages, and (iii) Broward County Ordinance Number 2012-32 – theft of Mr. Kapoor's wages.

33. Mr. Kapoor objected to these unlawful activities and refused to participate in them.

34. Mr. Kapoor explicitly raised these objections with Counter-Defendants and informed them of his objections and refusal to participate in these unlawful activities.

35. Mr. Kapoor's objections to Counter-Defendants about these unlawful activities constituted activity protected by Florida Statutes § 448.102(3).

36. In direct response to Mr. Kapoor engaging in the above mentioned protected activity, Counter-Defendants responded by terminating Mr. Kapoor's employment in violation of Florida Statutes § 448.102(3).

37. As a result of Counter-Defendants' unlawful actions in violation of Florida Statutes § 448.102(3), Mr. Kapoor has suffered damages, including but not limited to lost past and future income, emotional distress, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to Florida Statutes § 448.103.

WHEREFORE, Counter-Plaintiff, Mr. Kapoor, seeks an order requiring Counter-Defendants to pay Mr. Kapoor compensatory damages, plus pre-judgment interest, and such other relief this Court deems proper.

### COUNT III – CIVIL THEFT
### (As to Circuitronix & Mr. Kukreja)

38. Mr. Kapoor re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

39. Counter-Defendants knowingly retained wages earned by Mr. Kapoor with the intent to permanently deprive Mr. Kapoor of the right to such property and instead appropriate the earned wages for Counter-Defendants' own use.

40. Counter-Plaintiff, through counsel, sent a statutory letter pursuant to Section 772.11, Fla. Stat. demanding that Counter-Defendants pay the treble damages to Counter-Plaintiff in accordance with said statute.

41. To date, and well beyond the expiration of the thirty (30) day period prescribed by Section 772.11, Fla.Stat., Counter-Defendants have failed to pay Mr. Kapoor any of the monies demanded in the statutory letter.

WHEREFORE, Counter-Plaintiff, Mr. Kapoor, seeks an order requiring Counter-Defendants to pay Mr. Kapoor compensatory damages, including treble damages, plus pre-judgment interest and reasonable attorneys' fees and costs, pursuant to Section 772.11, Fla. Stat., and such other relief this Court deems proper.

### COUNT IV – UNPAID WAGES
### (As to Circuitronix & Mr. Kukreja)

42. Mr. Kapoor re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

43. This is an action brought pursuant to Florida Statutes Chapter 448.

44. At all times material, Counter-Defendants were both employers of Mr. Kapoor, under Fla. Stat 448.101(3).

45. During Mr. Kapoor's employment with Counter-Defendants, Counter-Defendants failed to provide any compensation to Mr. Kapoor for a period of approximately three months between January 2015 and March 2015.

46. Mr. Kapoor performed all of his employment obligations for Counter-Defendants during this three-month period for which he was not compensated.

47. Mr. Kapoor is seeking unpaid wages in the form of compensation for this three-month period.

48. Mr. Kapoor is owed approximately $125,000.00 in unpaid wages for this three-month period.

49. Pursuant to Section 448.08, Florida Statutes, Mr. Kapoor is entitled to costs of this action and reasonable attorneys' fees.

WHEREFORE, Counter-Plaintiff, Mr. Kapoor, seeks an order requiring Counter-Defendants to pay Mr. Kapoor the value of his unpaid wages, plus pre-judgment interest, and reasonable attorneys' fees and costs, and such other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Counter-Plaintiff demands a trial by jury on all issues so triable in this matter.

Dated this 10th day of August, 2015.

Respectfully submitted,

*/s/ Neil D. Kodsi*
NEIL D. KODSI, ESQUIRE
Florida Bar No. 0011255
nkodsi@ndkodsilaw.com
THE LAW OFFICES OF NEIL D. KODSI
Two South University Drive, Suite 315
Plantation, FL 33324
Telephone: (786) 464-0841
Facsimile: (954) 790-6722
***Counsel for Counter-Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134

James M. Slater, Esq.
jslater@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134