# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

    Plaintiff,

v.

SUNNY KAPOOR,
an individual

    Defendant.
_____/

SUNNY KAPOOR,
an individual

    Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

    Counter-Defendants.
_____/

**COUNTER-DEFENDANT CIRCUITRONIX, LLC'S MOTION TO DISMISS COUNT III
OF COUNTER-PLAINTIFF SUNNY KAPOOR'S COUNTERCLAIM**

This is an action by Circuitronix, LLC ("Circuitronix") against its former employee, Sunny Kapoor ("Kapoor") for the dissemination of Circuitronix's propriety information, self-dealing, and other breaches of his employment agreements and fiduciary duties. Circuitronix brings claims against Kapoor for breach of contract, breach of exclusive employment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and duty of loyalty, misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, § 688.001, Fla. Stat., *et seq.*, and tortious interference with an advantageous business relationship.

In response to Circuitronix's action, Kapoor filed a Counterclaim against Circuitronix and its Chief Executive Officer, Rishi Kukreja ("Kukreja"). Kapoor alleges breach of contract, unlawful retaliation, civil theft, and unpaid wages — the latter two allegations against both Circuitronix and Kukreja. Circuitronix moves to dismiss Kapoor's claim for civil theft (Count III) because it fails to state a claim as a matter of law as civil theft cannot be brought on the basis of a contractual obligation. Accordingly, pursuant to Fed.R.Civ.P. 12(b)(6) Kapoor's civil theft claim (Count III) should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Circuitronix is a business that specializes in, amongst other things, including but not limited to plastic injection molded parts and tooling, precision sheet metal extrusion, stamping and machine parts, silicone rubber keypads, membrane switches, printed circuit board assemblies in the manufacturing and distribution of flexible, rigid-flex and rigid printed circuit boards for a variety of applications, including automotive, industrial, lighting, and security systems. *See* Compl. ¶¶ 2, 8. Kapoor was an employee of Circuitronix, who was relocated to Hong Kong to help facilitate Circuitronix's operations in the People's Republic of China. *See id.* ¶ 11.

Kapoor entered into three agreements (collectively the "Employment Agreements") with Circuitronix before initiating work out of the Hong Kong office. The U.S. employment agreement — or Primary Agreement; a Hong Kong employment agreement (the "Secondary Agreement"); and the Letter Agreement, which supplements and resolves any conflicts between the Primary and Secondary Agreements. *See id.* ¶ 12. The Primary Agreement calls for a number of restrictive covenants, including covenants to not disclose confidential information, and to not compete with Circuitronix. *See id.* ¶¶ 14-17.

While in Hong Kong, Kapoor violated the terms of his employment with Circuitronix on multiple occasions, and is now competing, or preparing to compete, with Circuitronix. *See id.* ¶¶ 31-42. Due to the myriad of breaches of his employment agreement, Kapoor's U.S. employment was terminated on March 15, 2015. *See id.* ¶ 44. Kapoor's Hong Kong employment ends on September 15, 2015.

On July 13, 2015, Circuitronix filed its Complaint in this action. (DE 1). On August 10, 2015, Kapoor filed his answer and counterclaim against Circuitronix and its Chief Executive Officer, Rishi Kukreja ("Kukreja"). (DE 5). Count III of the Counterclaim is based on civil theft and alleges that Circuitronix and Kukreja "knowingly retained wages earned by Mr. Kapoor with the intent to permanently deprive Mr. Kapoor of the right to such property and instead appropriate the earned wages for [their own] use." *See* Defendant's Answer and Affirmative Defenses to Complaint and Counterclaim and Demand for Jury Trial at 18. Kapoor is demanding treble damages under Fla. Stat. § 772.11, which sets forth available civil remedies for theft.

For the following reasons, Count III of the Counterclaim should be dismissed.

**ARGUMENT**

Kapoor's claim for civil theft against Circuitronix fails as a matter of law. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

Kapoor's claim for civil theft (Count III) should be dismissed as to Circuitronix because breach of a contractual obligation cannot constitute civil theft. Under Florida law, breach of a contractual obligation "cannot constitute theft because 'an action in tort is inappropriate where the basis of the suit is a contract, either express or implied.'" *Gambolati v. Sarkisian*, 622 So. 2d 47, 50 (Fla. 4th DCA 1993) (quoting *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970)). A claimant "may not circumvent the contractual relationship by bringing an action in tort." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055-56 (Fla. 3d DCA 2008) (internal citations omitted). In order to be viable, a claim for civil theft "must go beyond, and be independent from, a failure to comply with the terms of a contract." *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011).

Moreover, it is well-established that "a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini*, 972 So. 2d at 1055; *see Gambolati*, 622 So. 2d at 50 (finding that because money was owed due to a breach of contract, the civil theft claim was "without substantial legal support"); *Walker*, 59 So. 3d at 190 (finding that the plaintiffs failed to state a cause of action for civil theft because they sought to "recast their simple breach of contract claim into a tort"). The same rationale applies in the context of unpaid wages. *See Tulepan v. Roberts*, No. 14-cv-80574, 2015 U.S. Dist. LEXIS 5488, at *26 (S.D. Fla. Jan. 16, 2015) (granting defendant's motion for summary judgment as to plaintiff's count for civil theft of unpaid wages because (1) there existed a contractual relationship between the parties and (2) said relationship "plainly encompasse[d] the alleged" theft of wages).

Here, Kapoor alleges civil theft for "wages earned" on the basis of his employment with Circuitronix. *See* Counterclaim ¶¶ 16, 39. Because Kapoor's allegations of civil theft derive entirely from his contractual employment relationship with Circuitronix, there is no basis for this claim under Florida law. Accordingly, Kapoor has failed to state a claim as to civil theft and that claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Circuitronix respectfully requests that the Court dismiss Kapoor's claim for civil theft (Count III) as to Circuitronix, and award such further relief as is just and equitable.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Circuitronix, LLC*
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

      Tel:   (305) 372-1800
      Fax.: (305) 372-3508

By: /s/ Thomas A. Tucker Ronzetti
Thomas A. Tucker Ronzetti, Esq.
Florida Bar No. 965723
tr@kttlaw.com
James M. Slater, Esq.
Florida Bar No. 111779
jslater@kttlaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on August 31, 2015 as filed with the Clerk of the Court using CM/ECF.

By: /s/ James M. Slater
James M. Slater

363880