**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

       Plaintiff,

v.

SUNNY KAPOOR,
an individual

       Defendant.
_____/

SUNNY KAPOOR,
an individual

       Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

       Counter-Defendants.
_____/

**COUNTER-DEFENDANT CIRCUITRONIX, LLC'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO COUNTER-PLAINTIFF SUNNY KAPOOR'S COUNTERCLAIM**

Counter-Defendant Circuitronix, LLC ("Circuitronix" or "Counter-Defendant") hereby answers Counter-Plaintiff Sunny Kapoor's ("Kapoor" or "Counter-Plaintiff") Counterclaim as follows:

## INTRODUCTION

1.      Counter-Defendant admits that Counter-Plaintiff purports to bring this action for damages alleged, but denies that Counter-Plaintiff is entitled to the relief sought. Counter-Defendant denies the remainder of Counter-Plaintiff's allegations in ¶ 1.

## JURISDICTION

2.      Admitted solely for purposes of jurisdiction.

3.      Admitted.

4.      Denied.

## GENERAL FACTUAL ALLEGATIONS

5.      Admitted that Circuitronix is a business that specializes in, amongst other things, including but not limited to plastic injection molded parts and tooling, precision sheet metal extrusion, stamping and machine parts, silicone rubber keypads, membrane switches, printed circuit board assemblies in the manufacturing and distribution of flexible, rigid-flex and rigid printed circuit boards for a variety of applications, including automotive, industrial, lighting, and security systems.

6.      Admitted that Kapoor was an employee of Circuitronix, who was promoted to an executive capacity as Assistant Chief Executive Officer when he was relocated to Hong Kong. *See* D.E. 1-1 at ¶ 2. Denied as to the remainder.

7.      Admitted.

8.      Admitted.

2

9.      Admitted.

10.     The document speaks for itself. Denied as to the remainder.

11.     The document speaks for itself. Denied as to the remainder.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Admitted that Circuitronix withheld wages from Kapoor, which are to be deducted

from the $267,791.51 Kapoor owes Circuitronix as a Termination Fee. Denied as to the remainder.

17.     Admitted that Circuitronix terminated Kapoor's U.S. employment on March 15,

2015 due to various breaches of his employment agreements with Circuitronix. Denied as to the

remainder.

18.     The document speaks for itself. Denied as to the remainder.

19.     Admitted that Circuitronix withheld wages from Kapoor, which are to be deducted

from the $267,791.51 Kapoor owes Circuitronix as a Termination Fee. Denied as to the remainder.

20.     Admitted that counsel for Kapoor sent Circuitronix a civil theft demand letter on

June 26, 2015. Denied as to the remainder.

**COUNT I – BREACH OF CONTRACT**
**(As to Circuitronix)**

21.     Counter-Defendant re-alleges and incorporates paragraphs 1-20 as if fully set forth

herein.

22.     Admitted.

23.     The document speaks for itself. Denied as to the remainder.

24.     The document speaks for itself. Denied as to the remainder.

25.     The document speaks for itself. Denied as to the remainder.

26.     Denied.

27.     Denied.

28.     The document speaks for itself. Denied as to the remainder.

## COUNT II – UNLAWFUL RETALIATION
### (As to Circuitronix)

29.     Counter-Defendant re-alleges and incorporates paragraphs 1-20 as if fully set forth herein.

30.     Admitted that Kapoor was an employee of Circuitronix. Denied as to the remainder.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Admitted that Kapoor was terminated by Circuitronix due to breaches of his employment agreements. Denied as to the remainder.

37.     Denied.

## COUNT III – CIVIL THEFT[1]
### (As to Circuitronix)

38.     Counter-Defendant re-alleges and incorporates paragraphs 1-20 as if fully set forth herein.

39.     Admitted that Circuitronix withheld wages from Kapoor, which are to be deducted from the amount he owes as a Termination Fee. Denied as to the remainder.

---

[1] Circuitronix is moving to dismiss Count III.

40.     Admitted that counsel for Kapoor sent Circuitronix a civil theft demand letter. Denied as to the remainder.

41.     Admitted that the civil theft letter was sent to Circuitronix more than thirty days ago. Denied as to the remainder.

## COUNT IV – UNPAID WAGES
### (As to Circuitronix)

42.     Counter-Defendant re-alleges and incorporates paragraphs 1-20 as if fully set forth herein.

43.     Denied.

44.     Admitted that Kapoor was employed by Circuitronix. Denied as to the remainder.

45.     Admitted that Circuitronix withheld wages from Kapoor, which are to be deducted from the amount he owes as a Termination Fee. Denied as to the remainder.

46.     Denied.

47.     Admitted that Counter-Plaintiff seeks monies from Circuitronix. Denied as to the remainder.

48.     Denied.

49.     Denied.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Counter-Defendant demands a trial by jury on all issues so triable in this matter.

## GENERAL DENIAL

Unless specifically admitted in the foregoing answer, all allegations in Counter-Plaintiff's Counterclaim are denied.

## DEFENSES

In further response to the allegations of the Counterclaim, Counter-Defendant alleges the following affirmative defenses.

### First Defense

Counter-Plaintiff's Counterclaim fails to state a claim for which relief may be granted against Circuitronix.

### Second Defense

Counter-Plaintiff's claims are barred by the doctrine of unclean hands.  Specifically, as set forth in detail in the Complaint, Counter-Plaintiff engaged in inequitable conduct including breaches of fiduciary duty and the duty of loyalty.  Among other things, in violation of his fiduciary duties and duty of loyalty to Circuitronix, Counter-Plaintiff engaged in a pattern of self-dealing by disclosing and exploiting confidential and proprietary information of Circuitronix. Counter-Plaintiff also abused his role as a fiduciary of Circuitronix to position himself to compete with Circuitronix, using the company's own confidential information for his personal gain.

### Third Defense

Circuitronix is entitled to a setoff against any recovery by Counter-Plaintiff.  Any amount recoverable by Counter-Plaintiff should be reduced by any amounts owed to Circuitronix.  As set forth in detail in the Complaint, Counter-Plaintiff is liable to Circuitronix for damages arising from breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and the duty of loyalty, misappropriation of trade secrets, and tortious interference with an advantageous business relationship.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Circuitronix, LLC*
2525 Ponce de Leon Blvd., 9th Floor

6

Coral Gables, FL 33134
Tel:     (305) 372-1800
Fax.:    (305) 372-3508

By:  /s/ Thomas A. Tucker Ronzetti
Thomas A. Tucker Ronzetti, Esq.
Florida Bar No. 965723
tr@kttlaw.com
James M. Slater, Esq.
Florida Bar No. 111779
jslater@kttlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of

Notices of Electronic Filing generated by CM/ECF on August 31, 2015 as filed with the Clerk of the

Court using CM/ECF.

By:  /s/ James M. Slater
James M. Slater

364093