**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

    Plaintiff,

v.

SUNNY KAPOOR,
an individual

    Defendant.
_____/

SUNNY KAPOOR,
an individual

    Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

    Counter-Defendants.
_____/

**COUNTER-DEFENDANT RISHI KUKREJA'S MOTION TO DISMISS**
**COUNTER-PLAINTIFF SUNNY KAPOOR'S COUNTERCLAIM,**
**<u>AND FOR ATTORNEY'S FEES</u>**

This is an action by Circuitronix, LLC ("Circuitronix") against its former employee, Sunny Kapoor ("Kapoor") for the dissemination of Circuitronix's propriety information, self-dealing, and other breaches of his employment agreements and fiduciary duties. Circuitronix brings claims against Mr. Kapoor for breach of contract, breach of exclusive employment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and duty of loyalty, misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, § 688.001, Fla. Stat., *et seq.*, and tortious interference with an advantageous business relationship.

In response to Circuitronix's action, Mr. Kapoor filed a Counterclaim not only against Circuitronix, but also against its Chief Executive Officer, Rishi Kukreja ("Kukreja").  Mr. Kapoor alleges two claims against Mr. Kukreja, civil theft and unpaid wages.  Those claims entirely fail as a matter of law.  First, Mr. Kukreja did not commit theft by acting in his corporate capacity to enforce an employment agreement, which does not create distinct property, so nothing has been stolen.  Such a reckless claim is "without substantial fact or legal support," Fla. Stat. §772.11(1), so Mr. Kukreja should be awarded attorney's fees.  Second, Mr. Kukreja is a corporate officer and not Mr. Kapoor's "employer" within the meaning of the Chapter 448, Florida Statutes.  Rather, as Mr. Kapoor himself alleges, the "employer" was Circuitronix. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), both counts against Mr. Kukreja should be dismissed, and he should be awarded a reasonable attorney's fee.

**FACTUAL AND PROCEDURAL BACKGROUND**

Circuitronix is a business that specializes in, amongst other things, plastic injection molded parts and tooling, precision sheet metal extrusion, stamping and machine parts, silicone rubber keypads, membrane switches, printed circuit board assemblies in the manufacturing and distribution of flexible, rigid-flex and rigid printed circuit boards for a variety of applications,

including automotive, industrial, lighting, and security systems. *See* Compl. ¶¶ 2, 8 [D.E. 1]. Mr. Kukreja is the Chief Executive Officer of Circuitronix.

Mr. Kapoor was an employee of Circuitronix, who was relocated to Hong Kong to help facilitate Circuitronix's operations in the People's Republic of China. *See id.* ¶ 11. Mr. Kapoor entered into three agreements (collectively the "Employment Agreements") with Circuitronix before initiating work out of the Hong Kong office. The U.S. employment agreement — or Primary Agreement; a Hong Kong employment agreement (the "Secondary Agreement"); and the Letter Agreement, which supplements and resolves any conflicts between the Primary and Secondary Agreements. *See id.* ¶ 12. Mr. Kapoor admits to all of the agreements. *See* Answer ¶12 [D.E. 5]. The Primary Agreement calls for a number of restrictive covenants, including covenants to not disclose confidential information, and to not compete with Circuitronix. *See* Compl. ¶¶ 14-17 [D.E. 1].

The Employment Agreements unambiguously establish that Circuitronix is Mr. Kapoor's employer, and that the Employment Agreements are between Circuitronix and Mr. Kapoor. For example, the first paragraph of the Primary Agreement defines Circuitronix as the "Employer", and the signature page again states that the "EMPLOYER" is Circuitronix. *See, e.g.,* Compl. at Ex. 1, pp. 1, 6. Mr. Kapoor's own Counterclaim alleges that he entered into the Employment Agreements with Circuitronix – not Mr. Kukreja individually. *See* Counterclaim at ¶¶ 8-11. Finally, Mr. Kapoor's own Counterclaim states that "During the relevant times, Mr. Mr. Kapoor was employed in an executive capacity role by Circuitronix." *Id.* at ¶ 6.

While in Hong Kong, Mr. Kapoor violated the terms of his employment with Circuitronix on multiple occasions, and is now competing, or preparing to compete, with Circuitronix. *See id.*

3

¶¶ 31-42. Due to Mr. Kapoor's breaches of his employment agreement and fiduciary duties, his U.S. employment was terminated on March 15, 2015. *See id.* ¶ 44.

On July 13, 2015, Circuitronix filed its Complaint in this action. [D.E. 1]. On August 10, 2015, Mr. Kapoor filed his answer and counterclaim against Circuitronix and Mr. Kukreja. [D.E. 5]. Count III of the Counterclaim is based on civil theft and alleges that Mr. Kukreja "knowingly retained wages earned by Mr. Kapoor with the intent to permanently deprive Mr. Kapoor of the right to such property and instead appropriate the earned wages for [his own] use." *See* Answer at 18 [D.E. 5]. Mr. Kapoor is demanding treble damages under Florida Statutes § 772.11, which sets forth available civil remedies for theft. In Count IV of the Counterclaim, Mr. Kapoor alleges that Mr. Kukreja was his employer as well as Circuitronix, and that Mr. Kukreja is individually liable to Mr. Kapoor for unpaid wages.

## **ARGUMENT**

Mr. Kapoor's claims against Mr. Kukreja fail as a matter of law. Mr. Kukreja did not commit theft by acting in a corporate capacity to enforce a contract, and civil theft cannot arise from a contractual obligation. Moreover, an officer of a corporation is not an "employer" for purposes of an unpaid wages claim. The Counterclaim is, at best, implausible, and must be dismissed. The claim of civil theft is also without substantial fact or legal support, so Mr. Kukreja is entitled to an award of attorney's fees pursuant to Florida Statutes §772.11 (1).

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a

plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### A. A Corporate CEO Is Not Liable for Civil Theft by Enforcing an Employment Contract.

Mr. Kapoor's claim for civil theft against Mr. Kukreja (Count III) must be dismissed. His claim is that both Circuitronix and Mr. Kukreja "knowingly retained wages earned by Mr. Kapoor," which he contends constitutes theft of his "property." Counterclaim ¶ 39. Such a claim is meritless. Unpaid wages are not an employee's property, and a corporate officer who enforces an employment agreement has not committed theft.

Under Florida law, a breach of a contractual obligation "cannot constitute theft because 'an action in tort is inappropriate where the basis of the suit is a contract, either express or implied.'" *Gambolati v. Sarkisian*, 622 So. 2d 47, 50 (Fla. 4th DCA 1993) (quoting *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970)). A claimant "may not circumvent the contractual relationship by bringing an action in tort." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055-56 (Fla. 3d DCA 2008) (internal citations omitted). In order to be viable, a claim for civil theft "must go beyond, and be independent from, a failure to comply with the terms of a contract." *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011).

It is also well established that "a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini*, 972 So. 2d at 1055; *see Gambolati*, 622 So. 2d at 50 (finding that because money was owed due to a breach of contract, the civil theft claim was "without substantial legal support"); *Walker*, 59 So.

3d at 190 (finding that the plaintiffs failed to state a cause of action for civil theft because they sought to "recast their simple breach of contract claim into a tort"). The same rationale applies in the context of unpaid wages. *See Tulepan v. Roberts*, No. 14-cv-80574, 2015 U.S. Dist. LEXIS 5488, at *26 (S.D. Fla. Jan. 16, 2015) (granting defendant's motion for summary judgment as to plaintiff's count for civil theft of unpaid wages because (1) there existed a contractual relationship between the parties and (2) said relationship "plainly encompasse[d] the alleged" theft of wages).

Here, Mr. Kapoor alleges civil theft against Kukreja for "wages earned" on the basis of his employment with Circuitronix. *See* Counterclaim ¶¶ 16, 39. Because Mr. Kapoor's allegations of civil theft derive from his contractual employment relationship with Circuitronix, there is no basis for this claim under Florida law. Although Mr. Kapoor has argued that the mere existence of a contractual relationship does not *preclude* a claim of civil theft [D.E. 18, *passim*], he must still show his distinct property has been stolen – and not merely that he has been denied contractual benefits – and that he cannot do. Accordingly, Mr. Kapoor has failed to state a claim as to civil theft against Mr. Kukreja, and Count III of the Counterclaim must be dismissed.

The civil theft claim is also "without substantial fact or legal support," Fla. Stat. §772.11(1), so Mr. Kukreja is entitled to an award of attorney's fees. Section 772.11(1) states: "The defendant is entitled to recover reasonable attorney's fees and costs in the trial and appellate courts upon a finding that the claimant raised a claim without substantial fact or legal support." This standard is less stringent than the frivolousness standard. *See Bronson v. Bronson*, 685 So. 2d 994 (Fla. 5th DCA 1997). Here, however, the theft claim *is* frivolous. A corporate CEO enforcing an employment agreement does not commit theft. There is no allegation, much less clear and convincing evidence, that Mr. Kapoor lost distinct property he owns, that Mr. Kukreja

stole any property, or that Mr. Kukreja acted with felonious intent.  The Court should therefore award Mr. Kukreja a reasonable attorney's fee.

### B. Mr. Kukreja, a Corporate Offer, is Not an "Employer" Under the Unpaid Wages Statue.

Mr. Kapoor's claim for unpaid wages against Mr. Kukreja (Count IV) fails as a matter of law because Mr. Kukreja is not Mr. Kapoor's "employer" under Chapter 448, Florida Statutes. Rather, as Mr. Kapoor himself alleges, Mr. Kapoor's employer at all relevant times was Circuitronix, not Mr. Kukreja.  Counterclaim at ¶¶ 6, 8-11.

Section 448.102 precludes an "employer" from taking "any retaliatory personnel action against an employee" who has engaged in specified conduct. Section 448.101(3) defines "Employer" as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons."  § 448.101(3), Fla. Stat.

Mr. Kapoor's Counterclaim alleges that the corporation, Circuitronix, was his employer. Counterclaim at ¶¶ 6, 8-11.  The undisputed Employment Agreements, admitted and incorporated by reference in Mr. Kapoor's Counterclaim, also clearly and unambiguously establish that Circuitronix was Mr. Kapoor's employer.  *See, e.g.,* Compl. at Ex. 1, pp. 1, 6.  Thus, Mr. Kapoor cannot state a claim under Section 448 against Mr. Kukreja because Mr. Kukreja was not his "employer."  *Tracey-Meddoff v. J. Altman Hair & Beauty Ctr., Inc.*, 899 So. 2d 1167, 1167-1168 (Fla. 4th DCA 2005) (holding that Section 448 does not extend liability to the individual officers, directors or shareholders of an "employer" corporation).  Although Mr. Kukreja was an officer and owner of Circuitronix, he cannot be individually liable because only the corporation, Circuitronix, was Mr. Kapoor's employer.  *Id*.  To "extend liability under the act to officers, directors, or shareholders of such a corporation is to rewrite the statute." *Id.* at 1168.

Mr. Kukreja is simply an officer of Circuitronix. Mr. Kapoor was an employee of Circuitronix and not of Mr. Kukreja individually. All Employment Agreements were explicitly between Mr. Kapoor (as employee) and Circuitronix (as employer).  As Mr. Kapoor himself alleges, "During the relevant times, Mr. Kapoor was employed in an executive capacity role **by Circuitronix**." *Id*. at ¶ 6 (emphasis added).  Accordingly, because Mr. Kukreja is not the employer for purposes of the statute, Count IV fails to state a claim for relief as a matter of law, and dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, Circuitronix respectfully requests that the Court dismiss all of Mr. Kapoor's claims against Mr. Kukreja (Count III – Civil Theft; Count IV – Unpaid Wages), award a reasonable attorney's fee under § 772.11(1), Florida Statutes, and grant such further relief as is just and equitable.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Circuitronix, LLC*
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel:     (305) 372-1800
Fax.:    (305) 372-3508

By: /s/ Thomas A. Tucker Ronzetti
Thomas A. Tucker Ronzetti, Esq.
Florida Bar No. 965723
tr@kttlaw.com
James M. Slater, Esq.
Florida Bar No. 111779
jslater@kttlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 23, 2015 as filed with the Clerk of the Court using CM/ECF.

By: /s/ Thomas A. Tucker Ronzetti
Thomas A. Tucker Ronzetti

EP1349