**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

      Plaintiff,

v.

SUNNY KAPOOR,
an individual

      Defendant.
_____/

SUNNY KAPOOR,
an individual

      Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

      Counter-Defendants.
_____/

**CIRCUITRONIX'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS AND REQUEST FOR ATTORNEYS' FEES**

Mr. Kapoor's claim for civil theft against Circuitronix fails as a matter of law because the claim does not go beyond, and is not independent from, a failure to comply with the terms of a contract. Rather, Mr. Kapoor's civil theft claim against Circuitronix is entirely based on Circuitronix's alleged failure to pay Mr. Kapoor wages specified in the employment contract between Circuitronix and Mr. Kapoor. Unpaid wages from an employment agreement are not distinct "property" that is stolen if an employee is not paid. The alleged "theft" of Mr. Kapoor's wages is plainly encompassed by the contractual relationship between the parties and therefore cannot support a civil theft claim.

Circuitronix did not commit theft by taking action to enforce the employment agreement. The employment agreement does not create distinct property, so nothing has been stolen. Such a reckless claim is "without substantial fact or legal support," Fla. Stat. §772.11(1), so Circuitronix should be awarded attorney's fees.

## **ARGUMENT**

Mr. Kapoor's claim for civil theft (Count III) against Circuitronix must be dismissed. His claim is that Circuitronix "Knowingly retained wages earned by Mr. Kapoor," which he contends constitutes "theft" of his "property." Counterclaim [D.E. 18, at ¶ 39]. Such a claim is meritless. Unpaid wages are not an employee's property, and a corporation that enforces an employment agreement has not committed theft.

Civil theft generally cannot arise from the breach of a contractual obligation. *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort"). Where, as here, the alleged "theft" is of unpaid wages specified in an employment contract, the alleged "theft" is plainly encompassed by the contractual relationship

between the parties and no action for civil theft may be maintained. *Tulepan v. Roberts*, 2015 U.S. Dist. LEXIS 5488, *26, 2015 WL 235441 (S.D. Fla. Jan. 16, 2015) (civil theft claim fails as a matter of law "because there is a contractual relationship between the parties, and because that relationship plainly encompasses the alleged theft of Plaintiff's unpaid wages").

Here, Mr. Kapoor alleges civil theft against Circuitronix for "wages earned" on the basis of his employment contract with Circuitronix. *See* Counterclaim ¶¶ 16, 39. Because Mr. Kapoor's allegations of civil theft derive from his contractual employment relationship with Circuitronix, there is no basis for this claim under Florida law.

Although Mr. Kapoor has argued that the mere existence of a contractual relationship does not preclude a claim of civil theft in some circumstances [D.E. 18, *passim*], he must still show his *property* has been stolen, and that he cannot do.  Moreover, Mr. Kapoor fails to allege any "theft" that goes beyond, and is independent from, a failure to comply with the terms of a contract.  *See Gasparini v. Pordomingo*, 972 So.2d 1053 (Fla. 3d DCA 2008).

Mr. Kapoor alleges that Circuitronix wrongfully withheld wages payable to him under the employment contract, in breach of its terms, and that this was done in retaliation for Mr. Kapoor's failure to participate in "unethical and unlawful practices by Circuitronix."  [D.E. 18, at ¶ 12]. However, unlike the cases cited by Mr. Kapoor in his opposition brief, Mr. Kapoor does not allege that Circuitronix acted with felonious intent at the time the employment agreement was entered into.  *See Gordon v. Omni Equities, Inc.*, 605 So. 2d 538, 541 (Fla. 1st DCA 1992) (distinguishing cases where "there was no allegation of a felonious intent at the time the agreement was entered into"); *see also Simdag/Robel, LLC v. Providence Funding, Inc. (In re Simdag/Robel, LLC)*, 2009 U.S. Dist. LEXIS 35782, *8, 2009 WL 975784 (M.D. Fla. Apr. 10, 2009) (Plaintiff alleged that the defendants induced the plaintiff to sign the contract with felonious intent at the time).

Accordingly, even assuming for purposes of argument only that his allegations are true, Mr. Kapoor has failed to state a claim for civil theft against Circuitronix, and Count III of the Counterclaim must be dismissed. Further, the record in this case will show that these allegations are false and that Mr. Kapoor engaged in unlawful practices.

Mr. Kapoor's civil theft claim is also "without substantial fact or legal support," Fla. Stat. §772.11(1), so Mr. Kukreja is entitled to an award of attorney's fees. Section 772.11(1) states: "The defendant is entitled to recover reasonable attorney's fees and costs in the trial and appellate courts upon a finding that the claimant raised a claim without substantial fact or legal support." This standard is less stringent than the frivolousness standard. *See Bronson v. Bronson*, 685 So. 2d 994 (Fla. 5th DCA 1997). Here, however, the theft claim *is* frivolous. A company enforcing an employment agreement does not commit theft. There is no allegation, much less clear and convincing evidence, that Mr. Kapoor lost distinct property he owns, that Circuitronix stole any such property, or that Circuitronix acted with felonious intent when the employment contract between the parties was signed. The Court should therefore award Circuitronix a reasonable attorney's fee.

## CONCLUSION

For the foregoing reasons, Circuitronix respectfully requests that the Court dismiss Mr. Kapoor's civil theft claim against Circuitronix (Count III – Civil Theft), award a reasonable attorney's fee under §772.11(1), Florida Statutes, and grant such further relief as is just and equitable.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Circuitronix, LLC*
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

      Tel:    (305) 372-1800
      Fax.:  (305) 372-3508

By: /s/ Thomas A. Tucker Ronzetti
Thomas A. Tucker Ronzetti, Esq.
Florida Bar No. 965723
tr@kttlaw.com
James M. Slater, Esq.
Florida Bar No. 111779
jslater@kttlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 28, 2015 as filed with the Clerk of the Court using CM/ECF.

By: /s/ James M. Slater
James M. Slater

EP1349