UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61446-BB

CIRCUITRONIX, LLC,
A Florida Limited Liability Company,

    Plaintiff,
v.

SUNNY KAPOOR,
an Individual

    Defendant.
_____/

SUNNY KAPOOR,
an Individual

    Counter-Plaintiff,

v.

RISHI KUKREJA,
an Individual, and
CIRCUITRONIX, LLC,
a Florida Limited Liability Company

    Counter-Defendants.

_____/

**<u>COUNTER-PLAINTIFF SUNNY KAPOOR'S RESPONSE IN OPPOSITION
TO COUNTER-DEFENDANT RISHI KUKREJA'S MOTION TO DISMISS
THE COUNTERCLAIM AND FOR ATTORNEYS FEES</u>**

Counter-Plaintiff, Sunny Kapoor ("Kapoor"), by and through his undersigned counsel, hereby files his Response in Opposition to Counter-Defendant's, Rishi Kukreja ("Kukreja"),

Motion to Dismiss the Counterclaim and for Attorney's Fees [DE 21]. In support thereof, Kapoor states as follows:

**INTRODUCTION**

As an initial matter, undersigned counsel respectfully apologizes to the Court for the oversight in not previously responding to Kukreja's Motion and is appreciative of the Court's October 19, 2015 Order allowing Kapoor until today to file his response.

In support of his Motion to Dismiss, Kukreja advances two primary arguments: (i) That a Corporate CEO is Not Liable for Civil Theft by Enforcing an Employment Contract, and (ii) That Kukreja is Not an Employer Under Chapter 448, Florida Statutes.

As to his first argument, Kukreja essentially recasts the arguments raised in Counter-Defendant's, Circuitronix, LLC, Motion to Dismiss the Counterclaim [DE 8]. Namely that simply because Kapoor alleges a breach of contract count he cannot also maintain, *as a matter of law*, a civil theft claim. Furthermore, Kukreja also avers that, *as a matter of law*, (i) unpaid wages are not an employee's distinct property, and (ii) the Counterclaim does not contain any allegations of felonious intent as to Kukreja. As explained in more detail below, however, the mere existence of a contract does not, as a matter of law, preclude a civil theft claim. Indeed, not only does the Counterclaim contain sufficient allegations of Kukreja's felonious intent, but because "services" constitutes property for purposes of the civil theft statute, Kukreja's claims are misplaced.

As to his second argument, Kukreja claims that he "cannot be individually liable because only the corporation, Circuitronix, was Mr. Kapoor's employer." Motion at p.7. Because, however, the Counterclaim plainly alleges Kukreja was Kapoor's statutory employer under Chapter 448, Florida Statutes, this argument also fails.

## ARGUMENT

"The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." *Trustees of Hotel Industry Pension Fund v. Carol Management Corp*., 880 F. Supp. 1548, 1551 (S.D. Fla. 1995). "It is read alongside Fed.R.Civ.P. 8(a), which requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 1551. Consequently, when considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the complaint's allegations of material fact, and must construe them in the light most favorable to Kapoor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.  Kukreja Liable for Civil Theft

In its Motion, Kukreja avers that "Kapoor's claim for civil theft (Count III) should be dismissed . . . because breach of a contractual obligation cannot constitute civil theft."  Motion to Dismiss [DE 21] at p. 4.  Kukreja attempts to support his claims by citing various Florida cases – none of which stand for the proposition that simply because Kapoor alleges a breach of contract count he cannot also maintain, as a matter of law, a civil theft claim.

Indeed, the Florida Third DCA in *Gasparini v. Pordomingo*, 972 So.2d 1053 (Fla. 3d DCA 2008), one of the case Kukreja heavily relies on in support of its Motion, noted as follows:

> It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot ***generally*** form the basis of a claim for conversion or civil theft.  ***This is not to say that there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties***, but rather that the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract.

*Id.* at 1055. (internal citations omitted) (emphasis supplied).

Along these same lines, Kukreja's reliance on *Tulepan v. Roberts*, Case No. 14-cv-80574, U.S. Dist. LEXIS 5488, at *26 (S.D. Fla., Jan. 16, 2015) is also misplaced.  Not only was *Tulepan* a summary judgment case, but The Honorable Donald M. Middlebrooks also recognized that a

civil theft claim may be viable where "the parties have a contractual relationship" provided that the "theft must go beyond, and be independent from, a failure to comply with the terms of the contact." *Id* at p. 17.

More succinctly, and as The Honorable Cecilia M. Altonaga made it clear in *Targia v. U.S. Alliance Management Corp.*, Case No. 02-23055-civ, 2003 WL 23312749 at *3 (S.D. Fla., Nov. 14, 2003), "the mere existence of a contractual relationship between the parties does not preclude actions for civil theft and conversion." Furthermore, "[d]espite the existence of a contract, a claim for civil theft is available if 'the existence of a contract [is] only incidental to the alleged felonious schemes." *In re Simdag/Robel, LLC*, Case No. 8:09-cv-146-T-23EAJ, 2009 WL 975784 at *3 (M.D. Fla., April 10, 2009) (citing *Gordon v. Omni Equities, Inc.*, 605 So.2d 538 (Fla. 1st DCA 1992). Therefore, where a complaint alleged "fraudulent representations in order to deprive [the plaintiff] of property" such properly "alleged grounds for civil theft". *Gordon*, 605 So.2d at 541.

In the instant case, the Counterclaim [DE 5] contains the following allegations:

- That starting the Fall 2014, Kapoor began reporting unethical and unlawful practices by Circuitronix and Kukreja. Counterclaim at ¶ 12.

- That Kapoor specifically voiced his disapproval about these unethical and unlawful practices to Kukreja, which included (i) utilizing the mail and wire to share false, misleading, and otherwise deceptive information about Circuitronix, including sharing falsified financial statements, (ii) making material misrepresentations to customers and vendors, and (iii) violating manufacturing laws and regulations. Counterclaim at ¶ 13.

- That in response, Circuitronix and Kukreja pressured Kapoor that he either participate in the unethical and unlawful practices, or his compensation structure could be altered and his employment terminated. Counterclaim at ¶ 14.

- That after Kapoor refused to participate in the unethical and unlawful practices, Circuitronix and Kukreja withheld at least $125,000.00 in wages earned for Kapoor's services rendered between January 1, 2015 and March 15, 2015. Counterclaim at ¶ 16.

- That on or about March 15, 2015, and after Kapoor maintained his stance on the unethical and unlawful practices and also inquired about the status of his unpaid wages, Circuitronix and Kukreja terminated Kapoor's employment. Counterclaim at ¶ 17.

- That Circuitronix and Kukreja then articulated a basis for failing to pay Kapoor's wages (*i.e.* that he has allegedly committed unspecified and unidentified breaches of his contracts with Circuitronix) that ***was not only contrived*** but also ***evidenced a criminal intent*** to deprive Kapoor of properly earned wages owed. Counterclaim at ¶ 19.

- That Circuitronix and Kukreja ***knowingly*** retained wages earned by Kapoor with ***the intent to permanently deprive*** Kapoor of the right to such property and ***instead appropriate*** the earned wages for Counter-Defendants' own use. Counterclaim at ¶ 39.

Kapoor maintains that the above factual allegations are more than sufficient to state a cause of action for civil theft separate and distinct from his breach of employment contract claim.

Not only does Kapoor allege Kukreja made fraudulent representations in order to deprive Kapoor of his property, but accepting these allegations as true—as is required—makes it clear the subject employment agreements were only incidental to the alleged felonious schemes. To wit, after being accused of unethical and unlawful practices by Kapoor and then being unable to convince him to participate in said practices, Kukreja devised a scheme to steal Kapoor's "services" without paying for those "services." Once Kapoor refused to participate in Kukreja's unlawful practices, Kukreja made the decision that he was going to allow Kapoor to continue providing "services" to Kukreja, although Kukreja had no intent on paying Kapoor for these "services." These actions, as alleged in the Complaint, constitute classic civil theft.[1]

Additionally, Kukreja conclusively argues, without citing any case in support, that "[u]npaid wages are not an employee's property" and that Kapoor "must still show his distinct

---

[1] While Kapoor maintains the sufficiency of the civil theft allegations as pled in the Complaint, to the extent this Court is inclined to grant Kukreja's Motion, Kapoor respectfully requests leave to amend to raise additional factual allegations to establish his civil theft claim.

property has been stolen . . . and that he cannot do." Respectfully, this argument is wholly without merit.

Section 812.012(3)(c), Florida Statutes, includes "services" within the definition of "property". As explained in *Chisholm & Co. v. Bank of Jamaica*, 643 F.Supp. 1393 (S.D.Fla. 1986):

> Included within the definition of "property" is the ***provision of services***. Section 812.012(3)(c). Plaintiffs have alleged that Defendants acted with the requisite intent, and, while they have not identified the specific "property" involved, the previous incorporated paragraphs of the Complaint sufficiently indicate that the ***"property" was the services that the Plaintiffs rendered***. Therefore, Count V adequately states a cause of action for civil theft.

*Chisholm & Co*., 643 F.Supp. at 1404. (emphasis supplied).

There can be little dispute that the Counterclaim contains allegations that Kukreja stole Kapoor's employment services, Kukreja's conclusory allegations notwithstanding, Florida law is clear that allegations of theft of employment services are sufficient to state a cause of action for civil theft.

### B. Kukreja is an Employer Under Chapter 448

Kukreja's argument that he cannot, *as a matter of law*, be deemed Kapoor's employer is too misplaced.

Section 448.101, Florida Statutes, plainly and unambiguously provides that a "private individual" may be deemed an "employer" for purposes of Chapter 448. Kukreja acknowledges as much in his motion, but then relies almost exclusively on the argument that the "Employment Agreements . . . clearly and unambiguously establish that Circuitronix was Mr. Kapoor's employer" and not Kukreja. Motion at p. 7. Yet, this argument seems better suited for a summary judgment motion, inasmuch as the Counterclaim plainly and unambiguously alleges that *both* Circuitronix and Kukreja were Kapoor's statutory employers. *See Counterclaim* at ¶30.

## **CONCLUSION**

Based on the above, Kapoor respectfully requests that Counter-Defendant's, Rishi Kukreja ("Kukreja"), Motion to Dismiss the Counterclaim and for Attorney's Fees [DE 21] be denied.

Dated this 23nd day of October, 2015.

        Respectfully submitted,

        */s/ Neil D. Kodsi*
        NEIL D. KODSI, ESQ.
        Florida Bar No. 0011255
        nkodsi@ndkodsilaw.com
        GUSTAVO A. BRAVO, ESQ.
        Florida Bar No. 0551287
        gbravo@ndkodsilaw.com
        THE LAW OFFICES OF NEIL D. KODSI
        Two South University Drive, Suite 315
        Plantation, FL 33324
        Telephone: (786) 464-0841
        Facsimile:  (954) 790-6722
        ***Counsel for Counter-Plaintiff***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134

James M. Slater, Esq.
jslater@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134