UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-61446-BLOOM/Valle

**CIRCUITRONIX, LLC**,

      Plaintiff,

v.

**SUNNY KAPOOR**,

      Defendant.

_____/

**SUNNY KAPOOR**,

      Counter-Plaintiff,

v.

**RISHI KUKREJA** and
**CIRCUITRONIX, LLC**,

      Third Party and Counter-Defendants.

_____/

## ORDER

    **THIS CAUSE** is before the Court upon Counter-Defendant Circuitronix, LLC's ("Circuitronix" or "Counter-Defendant") Motion to Dismiss, ECF No. [8] ("First Motion"), and Counter-Defendant Rishi Kukreja's ("Kukreja" or "Counter-Defendant," together with Circuitronix, the "Counter-Defendants") Motion to Dismiss, ECF No. [21] ("Second Motion," together with First Motion, the "Motions"), Counter-Plaintiff Sunny Kapoor's ("Counter-Plaintiff" or "Kapoor") Counter-Claim, ECF No. [5] ("Counterclaim"). The Court has carefully reviewed the Motions, all supporting and opposing submissions, the record, and applicable law. For the reasons set forth below, the Motions are denied.

Case No. 15-CIV-61446-BLOOM/Valle

### I. Background

On July 13, 2015, Circuitronix initiated this action against its former employee, Kapoor, for breach of contract, breach of exclusive employment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and duty of loyalty, misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.*, and tortious interference with an advantageous business relationship. *See* ECF No. [1] ("Complaint"). In response to Circuitronix's action, Kapoor filed a Counterclaim against Circuitronix and its "owner," Kukreja. *See* Counterclaim ¶ 7. Kapoor alleges breach of contract, unlawful retaliation pursuant to the Florida Whistle Blower Act, Fla. Stat. Ann. § 448.102 (the "FWA"), civil theft, and unpaid wages – the latter two allegations against both Counter-Defendants. *See id.*

According to the Counterclaim, Circuitronix "manufactures and distributes printed circuit boards to various industries, including automotive, industrial, lighting, and security systems." *Id.* ¶ 5. At all relevant times, Kapoor was employed in an "executive capacity role" by Counter-Defendants. *Id.* ¶¶ 6, 44. On or about October 1, 2012, Kapoor entered into an employment agreement with Circuitronix (the "Original Agreement"). *Id.* ¶ 8. On or about November 20, 2013, Kapoor entered into an amended employment agreement with Circuitronix (the "Amended Agreement," together with the Original Agreement, the "Agreements"). *Id.* ¶ 9. Pursuant to the Amended Agreement, "the provisions of the Original Agreement remained in full force and effect unless expressly modified by the Amended Agreement." *Id.* ¶ 10 (citing Amended Agreement at ¶ 12). "The Original Agreement required that if [] Kapoor became aware of any unethical or unlawful practices by his employer, Circuitronix, he needed to report such [practices] to his employer." *Id.* ¶ 11 (citing Original Agreement at ¶ 11).

"Starting around the Fall 2014, Mr. Kapoor began reporting unethical and unlawful practices by [Counter-Defendants] to Mr. Kukreja.  Specifically, Mr. Kapoor voiced his disapproval of these unethical and unlawful practices, which included (i) utilizing the mail and wire to share false, misleading, and otherwise deceptive information about Circuitronix, including sharing falsified financial statements, (ii) making material misrepresentations to customers and vendors, and (iii) violating manufacturing laws and regulations." *Id.* ¶¶ 12-13. "In response, [Counter-Defendants] pressured Mr. Kapoor that he either participate in the unethical and unlawful practices, or his compensation structure could be altered and his employment terminated." *Id.* ¶ 14.

"After Mr. Kapoor refused to participate in the unethical and unlawful practices, [Counter-Defendants] altered Mr. Kapoor's compensation structure.  After Mr. Kapoor refused to participate in the unethical and unlawful practices, [Counter-Defendants] withheld at least $125,000.00 in wages earned for Mr. Kapoor's services rendered between January 1, 2015 and March 15, 2015.  Eventually, on or about March 15, 2015, and after Mr. Kapoor maintained his stance on the unethical and unlawful practices and also inquired about the status of his unpaid wages, [Counter-Defendants] terminated Mr. Kapoor's employment." *Id.* ¶¶ 15-16.[1]  "[Counter-Defendants] then articulated a basis for failing to pay Mr. Kapoor's wages (i.e. that he has allegedly committed unspecified and unidentified breaches of his contracts with Circuitronix) that was not only contrived but also evidenced a criminal intent to deprive Mr. Kapoor of properly earned wages owed." *Id.* ¶ 19.

On or around June 26, 2015, pursuant to the requirements of Fla. Stat. § 772.11, governing civil remedies for theft, Kapoor (through counsel) sent a civil theft demand to

---

[1] Counter-Plaintiff also alleges that "[t]he Original Agreement required Circuitronix to give a six (6) month written notice, otherwise Mr. Kapoor would be owed a $50,000.00 early termination payment." *Id.* ¶ 18 (citing Original Agreement at ¶ 7).

Counter-Defendants, demanding treble damages for their failure to provide compensation for the period of approximately three months between January and March 2015, as laid out above.  *Id.* ¶¶ 20, 40, 45.  "Kapoor performed all of his employment obligations for Counter-Defendants during this three-month period for which he was not compensated."  *Id.* ¶ 46.  The Counterclaim alleges that "Counter-Defendants knowingly retained wages earned by Mr. Kapoor with the intent to permanently deprive Mr. Kapoor of the right to such property and instead appropriate the earned wages for Counter-Defendants' own use. . . .  To date, and well beyond the expiration of the thirty (30) day period prescribed by Section 772.11, Fla. Stat., Counter-Defendants have failed to pay Mr. Kapoor any of the monies demanded in the statutory letter."  *Id.* ¶¶ 39, 41.

Kapoor brings four counts total, only two of which are implicated by the instant Motions – Count III for Civil Theft and Count IV for Unpaid Wages as to both Counter-Defendants. Pursuant to these counts, Kapoor seeks compensatory damages for the value of his unpaid wages, including treble damages for civil theft, plus pre-judgment interest and reasonable attorneys' fees and costs.  *Id.* ¶¶ 41, 49.

## II.  Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557

4

(alteration in original)).  When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III. Discussion**

Counter-Defendants argue that Kapoor's claim for civil theft should be dismissed because breach of a contractual obligation cannot constitute civil theft pursuant to Florida law. *See* First Motion at 3; Second Motion at 2, 4.  Plaintiff counters that the mere existence of a contractual relationship between the parties does not preclude actions for civil theft, and that his allegations of stolen employment services are sufficient to state a claim for civil theft.  *See* ECF No. [18] (Response to First Motion) at 4-5; ECF No. [26] (Response to Second Motion) at 5-6. As to Kapoor's claim for unpaid wages, Kukreja argues that an officer of a corporation, like

himself, is not an "employer" within the meaning of Chapter 448, Florida Statutes.  *See id.*  Plaintiff counters that pursuant to Fla. Stat. § 448.101, a "private individual" may be deemed an "employer."[2]

### A.  Civil Theft

The Motions argue that Kapoor's claim for civil theft against Circuitronix fails because the claim does not go beyond, and is not independent from, a failure to comply with the terms of the Agreements governing the relationship between the parties.  Rather, as both Counter-Defendants contend, Kapoor's civil theft claim is entirely based on the Counter-Defendant's alleged failure to pay Kapoor wages specified in the Agreements.  Kapoor maintains that he has sufficiently pled a claim for civil theft separate and distinct from his breach of employment contract claim.  For this reason, he contends, the existence of a contractual relationship does not preclude his claim for civil theft.

In order to state a claim for civil theft, Plaintiff must allege an injury resulting from a violation of Fla. Stat. § 812.014, the criminal theft statute.  *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009).[3]  Pursuant to the economic loss rule, generally a claimant "may not circumvent the contractual relationship by bringing an action in tort." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055-56 (Fla. 3d DCA 2008) (internal citations omitted).  However, in *Gasparini*, the court specifically rejected the notion that "there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties."  *Id.* at

---

[2] Further, both Counter-Defendants argue that Counter-Plaintiff's claims are frivolous, entitling them to attorney's fees.

[3] A defendant commits civil theft when it "(1) knowingly (2) obtained or used, or endeavored to obtain or use, [a plaintiff's] property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [the plaintiff] of its right to or a benefit from the property or (b) appropriate the property to [the defendant's] own use or to the use of any person not entitled to the property." *Id.* (citing Fla. Stat. §§ 772.11 and 812.014(1)).  "In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent."  *Pearson v. Wachovia Bank, N.A.*, 2011 WL 9505, at *6 (S.D. Fla. Jan. 3, 2011) (quoting *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000)).

1055. "Instead, the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of the contract." *Szterensus v. Bank of America, N.A.*, 2010 WL 427509, at *2 (S.D. Fla. Feb. 1, 2010) ("Here, the Plaintiffs do not simply allege that BOA breached a contract.  They allege that the money they deposited with BOA was stolen by BOA and/or its agents.  This act clearly goes beyond a mere failure to comply with the terms of the contract.").   In such a case, "the existence of a contract [is] only incidental to the alleged felonious schemes." *In re Simdag/Robel, LLC*, 2009 WL 975784 at *3 (M.D. Fla. April 10, 2009) (quoting *Gordon v. Omni Equities, Inc.*, 605 So. 2d 538, 541 (Fla. 1st DCA 1992) ("[H]ere, recovery was not sought pursuant to the terms of a contractual agreement, but rather the existence of a contract was only incidental to the alleged felonious schemes. . . .  [W]e are [] dealing with fraudulent representations made in order to deprive an investor of property.  Under these circumstances, the complaint alleged grounds for civil theft.")).

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses.  However, the economic loss rule does not bar intentional tort claims such as conversion and civil theft." *Scinica v. Bank of America, N.A.*, 2010 WL 1257704, at *2 (S.D. Fla. March 29, 2010) (holding that plaintiff's claims for conversion and civil theft were not barred by the economic loss rule) (citation omitted); *see Indem. Ins. Co. of N. Am. v. Am. Aviation Inc.*, 891 So. 2d 532, 543 n. 3 (Fla. 2004) ("Intentional tort claims such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent generally remain viable either in the products liability context or if the parties are in privity of contract.").

Pursuant to the count for civil theft, the Counterclaim alleges that Counter-Defendants "evidenced a criminal intent to deprive [] Kapoor of properly earned wages owed." *Id.* ¶ 19.

Moreover, "Counter-Defendants knowingly retained wages earned by Mr. Kapoor with the intent to permanently deprive Mr. Kapoor of the right to such property and instead appropriate the earned wages for Counter-Defendants' own use." *Id.* ¶ 39. These allegations state a claim for an intentional tort for which the Agreements merely set the foundation for the parties' relationship – Kapoor maintains that Counter-Defendants schemed to steal his employment services. This additional allegation certainly could not have been contemplated by the contracts at issue. Thus, accepting these allegations as true, Kapoor's claim is not barred by the economic loss rule. *See, e.g.*, *1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, at *5 (M.D. Fla. March 24, 2011) ("Plaintiff does not allege merely a failure to pay a general money obligation due under a contract. Rather, Plaintiff alleges that Netpaying knowingly and with felonious intent converted money received from or on behalf of Plaintiff's customers to its own use. Moreover, the economic loss doctrine generally does not apply to intentional tort claims such as conversion and civil theft."); *American Vintage Gun and Pawn, Inc. v. Hogan Mfg., LLC*, 2012 WL 2366690, at *7 (M.D. Fla. June 21, 2012) ("Plaintiff accuses Hogan Manufacturing and Robert Hogan of purposeful theft facilitated by a contract; thus, the economic loss rule does not preclude recovery.").

Kukreja's additional contention – that the allegations for civil theft against him cannot stand as they derive from Kapoor's contractual employment relationship with Circuitronix – is subject to the same analysis. Because the Court has established that the instant civil theft allegations exist separately from any contractual obligations at issue, whether or not Kukreja was an executing party to the Agreements is irrelevant. Thus, Kukreja's argument fails. Counter-

Defendants fail to set forth any other bases for dismissal of the claims for civil theft. Accordingly, Counter-Plaintiff's civil theft counts survive both Motions.[4]

### B. Unpaid Wages

The Second Motion argues that Kapoor's claim for unpaid wages fails because Kukreja is not Kapoor's "employer" pursuant to the applicable Florida statute. *See* § 448, Fla. Stat. Rather, Kukreja avers, Kapoor's employer at all relevant times was Circuitronix, as established by the Original and Amended Agreements. Plaintiff counters that his allegation that Kukreja was his employer is sufficient, as the plain language of § 448.101 permits a "private individual" to be deemed an "employer." *Id.* The Court agrees.

Section 448.101(3) defines "Employer" as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." § 448.101(3), Fla. Stat.; *see Tracey-Meddoff v. J. Altman Hair & Beauty Ctr., Inc.*, 899 So. 2d 1167, 1167-68 (Fla. 4th DCA 2005) (holding that Section 448 does not extend liability to the individual officers, directors, or shareholders of an "employer" corporation). Kapoor's Counterclaim alleges that "[a]t all times material, Counter-Defendants were both employers of Mr. Kapoor, under Fla. Stat 448.101(3)." *Id.* ¶ 44. It may indeed be the case that Kukreja was merely an employee at the corporate-officer level, and not Kapoor's employer, as Kukreja suggests. If that, in fact, turns out to be the case, then Kapoor will be unable to pursue a claim for unpaid wages against Kukreja. *See, e.g.*, *Silverman v. Wells Fargo Ins. Services USA, Inc.*, 20 F. Supp. 3d 1357, 1361 (S.D. Fla. April 3, 2014) (finding that FWA claim failed where defendants were not employers; *Tracey-Meddoff* "squarely forecloses any claim against individual officers for liability under the FWA . . . because the FWA applies only to employers"); *Young v. Roy's Restaurant*, 2006 WL 4847738, at *2 (M.D. Fla. March 31, 2006) ("[T]he law is clear that individual employees, even

---

[4] Thus, Counter-Defendants' claims for attorneys' fees are denied.

at the corporate officer level, are not 'employers' under this statute and thus are not individually liable in a private action brought by a corporate employee.").

Despite the parties' disparate views of Kukreja's role in Kapoor's employment, at this stage of the litigation, Kapoor's claim controls.  Plaintiff has alleged that Kukreja was his employer.  Accepting this allegation as true, which the Court must do, that is enough to state a claim.  For this reason, Plaintiff's claim for unpaid wages against Kukreja survives the Second Motion.  *Cf. Greif v. Jupiter Medical Center, Inc.*, 2008 WL 2705436, at *5 (S.D. Fla. July 9, 2008) (citing *Tracey-Meddoff*) ("Likewise, a recent case from the Florida Fourth District Court of Appeals held that the Whistleblower Act, Florida Statute 448.102, only recognizes liability against an employer.  Plaintiff has not pled that either O'Dea or Harper were her employers. Thus, in re-amending the Complaint, should Plaintiff seek to bring claims under either of those statutes against O'Dea or Harper, Plaintiff must, assuming she has a good faith basis to do so, plead that these two individuals were her employers as that term is contemplated under those acts.").

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Counter-Defendants' Motions, **ECF No. [8] AND ECF No. [21]**, are **DENIED**.  Counter-Defendants are each directed to file Answers to Counter-Plaintiff's Counterclaim **no later than November 24, 2015**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of November, 2015.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record