UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

    Plaintiff,

v.

SUNNY KAPOOR,
an individual

    Defendant.
_____/

SUNNY KAPOOR,
an individual

    Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

    Counter-Defendants.
_____/

**COUNTER-DEFENDANT RISHI KUKREJA'S**
**MOTION FOR SUMMARY JUDGMENT**

This is an action by Circuitronix, LLC ("Circuitronix") against its former employee, Sunny Kapoor ("Kapoor") for the dissemination of Circuitronix's propriety information, self-dealing, and other breaches of his employment agreements and fiduciary duties. Circuitronix brings claims against Mr. Kapoor for breach of contract, breach of exclusive employment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and duty of loyalty,

1

misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, § 688.001, Fla. Stat., et seq., and tortious interference with an advantageous business relationship.

In response to Circuitronix's action, Mr. Kapoor filed a Counterclaim not only against Circuitronix, but also against its Chief Executive Officer, Rishi Kukreja ("Kukreja"). Mr. Kapoor alleges two claims against Mr. Kukreja: (1) unpaid wages pursuant to Chapter 448, Florida Statutes; and (2) civil theft.

Mr. Kapoor's claim against Mr. Kukreja for unpaid wages fails as a matter of law because Mr. Kukreja was not Mr. Kapoor's employer. Rather, Mr. Kapoor was employed only by the company, Circuitronix, and not by Mr. Kukreja individually. As Mr. Kapoor admits in his pleadings, and as the undisputed evidence clearly establishes, the "employer" was Circuitronix. Mr. Kapoor's W-2 forms and pay stubs, as well as the undisputed employment contracts between Mr. Kapoor and Circuitronix, all demonstrate that Circuitronix, not Mr. Kukreja individually, was Mr. Kapoor's employer. Accordingly, Mr. Kapoor's unpaid wages claim against Mr. Kukreja fails as a matter of law.

Mr. Kapoor's civil theft claim against Mr. Kukreja fails because there is no evidence that Mr. Kukreja ever "obtained or used" Mr. Kapoor's property, or endeavored to do so. Rather, the undisputed facts show that Circuitronix refused to pay Mr. Kapoor's wages. There is no evidence whatsoever that Mr. Kukreja personally obtained or used any of Mr. Kapoor's property, or made any attempt to do so.

A claim for civil theft also requires proof that the stolen funds are specific and identifiable. Here, there is no evidence of a specific and identifiable monetary fund that was allegedly stolen. Rather, Mr. Kapoor's claim is that he is owed money generally, as a result of the failure to pay his wages. Accordingly, his claim for civil theft against Mr. Kukreja fails as a matter of law.

Mr. Kapoor's civil theft claim against Mr. Kukreja also fails because it is an improper attempt to transform a contract dispute into a civil theft action. It is undisputed that all of the sums at issue in Mr. Kapoor's civil theft claim are allegedly owed to Mr. Kapoor under his employment agreements with Circuitronix. The damages for the claimed breach of contract and the claimed civil theft are co-extensive. A breach of contract claim does not turn into a civil theft claim simply because the breach was knowing or willful. There is no evidence that Mr. Kapoor's civil theft claim against Mr. Kukreja goes beyond, and is independent from, a claim that Circuitronix breached the employment contracts with Mr. Kapoor.

## FACTS

Circuitronix is a business that specializes in, amongst other things, plastic injection molded parts and tooling, precision sheet metal extrusion, stamping and machine parts, silicone rubber keypads, membrane switches, printed circuit board assemblies in the manufacturing and distribution of flexible, rigid-flex and rigid printed circuit boards for a variety of applications, including automotive, industrial, lighting, and security systems. See Compl. ¶¶ 2, 8 [D.E. 1]. Mr. Kukreja is the Chief Executive Officer of Circuitronix.

Mr. Kapoor was an employee of Circuitronix. Mr. Kapoor entered into three agreements (collectively the "Employment Agreements") with Circuitronix before initiating work out of the Hong Kong office. The U.S. employment agreement — or Primary Agreement; a Hong Kong employment agreement (the "Secondary Agreement"); and the Letter Agreement, which supplements and resolves any conflicts between the Primary and Secondary Agreements. *See id*. ¶ 12. Mr. Kapoor admits to all of the agreements. *See* Answer ¶ 12 [D.E. 5]. The Primary Agreement calls for a number of restrictive covenants, including covenants to not disclose confidential information, and to not compete with Circuitronix. *See* Compl. ¶¶ 14-17 [D.E. 1].

The Employment Agreements unambiguously establish that Circuitronix is Mr. Kapoor's employer, and that the Employment Agreements are between Circuitronix and Mr. Kapoor. For example, the first paragraph of the Primary Agreement defines Circuitronix as the "Employer", and the signature page again states that the "EMPLOYER" is Circuitronix. *See, e.g.,* Compl. at Ex. 1, pp. 1, 6. Mr. Kapoor's own Counterclaim alleges that he entered into the Employment Agreements with Circuitronix — not Mr. Kukreja individually. *See* Counterclaim ¶¶ 8-11. Mr. Kapoor's own Counterclaim states that "During the relevant times, Mr. Kapoor was employed in an executive capacity role by Circuitronix." *Id.* ¶ 6. Finally, by Mr. Kapoor's own admission, Circuitronix was Mr. Kapoor's employer – not Kukreja. *See* [D.E. 5, at ¶ 3] ("Defendant admits that he was an employee of Circuitronix").

In addition to the undisputed contracts that establish the employment relationship, and Mr. Kapoor's admissions in pleadings, Mr. Kukreja's testimony establishes that he was not Mr. Kapoor's employer. *See* Decl. of Rishi Kukreja, attached hereto as **Exhibit 1**. During the course of Kapoor's employment by Circuitronix, all reimbursements for expenses incurred by Kapoor were paid by Circuitronix, the company, and not by Mr. Kukreja individually. Decl. of Rishi Kukreja, at ¶ 7. Mr. Kapoor's W-2 form and pay stubs show that Circuitronix was Kapoor's employer, not Mr. Kukreja. *Id.* at ¶ 6.

At no time did Mr. Kukreja ever offer or agree personally to be Kapoor's employer. *Id.* Mr. Kukreja never had any personal agreement with Kapoor and Kapoor never performed services for Kukreja rather than Circuitronix. *Id.*

Kapoor entered into entered into three employment agreements (collectively the "Employment Agreements") with Circuitronix. The parties entered into the first employment agreement on October 1, 2012, and entered an amended agreement on November 20, 2013. *See*

4

Counterclaim ¶¶ 8-9. Between July 1, 2013 and March 15, 2015, Circuitronix paid Kapoor USD $702,637.84 and EUR 37,720.66 in wages and commissions, and he received over USD $30,000 following that period. Decl. of Rishi Kukreja, at ¶ 10.

The Employment Agreements provide for a Termination Fee should Kapoor breach any of the Primary Restrictive Covenants contained therein, which would claw back certain wages from Kapoor. Statement of Undisputed Facts, at ¶ 8. On April 28, 2015, counsel for Circuitronix sent Kapoor a letter indicating that it would withhold certain of his wages as an offset to amounts due under the Termination Fee. Decl. of Rishi Kukreja, at ¶ 18.

Mr. Kapoor alleges that his employment contract with Circuitronix was breached when his wages from January 1, 2015, were withheld and his employment terminated. See Counterclaim ¶¶ 16-17. The unpaid wages that are the subject of Mr. Kapoor's breach of contract claim are also the subject of Mr. Kapoor's civil theft claim. See Counterclaim ¶¶ 23, 26, 38-39.

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56.

Summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Green v. Mobis Ala., LLC*, 613 Fed. Appx. 788, 793 (11th Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The plaintiff must present evidence demonstrating that it can establish the basic elements of its claim because "conclusory allegations without specific supporting facts have no probative value" at the summary judgment stage. *Green*, 613 Fed. Appx. at 793 (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

### B. Kapoor's Unpaid Wages Claim Against Kukreja Fails As A Matter Of Law

Mr. Kapoor's claim for unpaid wages against Mr. Kukreja (Count IV) fails as a matter of law because Mr. Kukreja is not Mr. Kapoor's "employer" under Chapter 448, Florida Statutes. Rather, as Mr. Kapoor himself alleges, Mr. Kapoor's employer at all relevant times was Circuitronix, not Mr. Kukreja. Counterclaim ¶¶ 6, 8-11.

In denying Mr. Kukreja's motion to dismiss, the Court noted that "[d]espite the parties' disparate views of Kukreja's role in Kapoor's employment, at [the stage of Kukreja's motion to dismiss], Kapoor's claim control[led]." [D.E.30 at p. 10]. However, as is set forth in this motion, the undisputed evidence shows that Circutronix, not Kukreja, was Kapoor's employer. The Court stated that if this "turns out to be the case, then ***Kapoor will be unable to pursue a claim for unpaid wages against Kukreja***." [*Id.* (emphasis added)]. Now, at the summary judgment stage, the Court is no longer bound by unsupported accusations contained in Mr. Kapoor's pleadings.

Section 448.102 precludes an "employer" from taking "any retaliatory personnel action against an employee" who has engaged in specified conduct. Section 448.101(3) defines "Employer" as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." § 448.101(3), Fla. Stat.

6

The undisputed Employment Agreements, admitted and incorporated by reference in Mr. Kapoor's Counterclaim, clearly and unambiguously establish that Circuitronix was Mr. Kapoor's employer. *See*, *e.g.*, Compl. at Ex. 1, pp. 1, 6.

As Mr. Kapoor himself alleges, "During the relevant times, Mr. Kapoor was employed in an executive capacity role ***by Circuitronix***." Counterclaim ¶ 6 (emphasis added). By Mr. Kapoor's own admission, Circuitronix was Mr. Kapoor's employer — not Kukreja. *See* [D.E. 5, at ¶ 3] ("Defendant admits that he was an employee of Circuitronix").

In addition to the undisputed contracts that establish the employment relationship, and Mr. Kapoor's admissions in pleadings, Mr. Kukreja's testimony establishes that he was not Mr. Kapoor's employer. *See* Decl. of Rishi Kukreja. As set forth in his concurrently filed Declaration, Mr. Kapoor was never employed by Mr. Kukreja individually. At all times, Mr. Kapoor was employed by the company, Circuitronix, only. Mr. Kukreja never offered or agreed to be Mr. Kapoor's employer, and all of Mr. Kapoor's wages and expense reimbursements were paid by the company and not by Mr. Kukreja individually.

Mr. Kapoor's W-2 forms and pay stubs clearly illustrate that, in accordance with the terms of the employment contracts, he was employed by Circuitronix and not by Mr. Kukreja individually.

Thus, Mr. Kapoor cannot state a claim under Section 448 against Mr. Kukreja because Mr. Kukreja was not his "employer." *Tracey-Meddoff v. J. Altman Hair & Beauty Ctr., Inc.*, 899 So. 2d 1167, 1167-68 (Fla. 4th DCA 2005) (holding that Section 448 does not extend liability to the individual officers, directors or shareholders of an "employer" corporation); *Silverman v. Wells Fargo Ins. Servs. USA, Inc.*, 20 F. Supp. 3d 1357, 1361 (S.D. Fla. 2014) (finding that the Florida Whistleblower's Act (FWA) claim failed where defendants were not employers; holding that

*Tracey-Meddoff* "squarely forecloses any claim against individual officers for liability under the FWA . . . because the FWA applies only to employers"). Although Mr. Kukreja was an officer and owner of Circuitronix, he cannot be individually liable because only the corporation, Circuitronix, was Mr. Kapoor's employer. *See id*. To "extend liability under the act to officers, directors, or shareholders of such a corporation is to rewrite the statute." *Tracey-Medoff*, 899 So. 2d at 1168. Accordingly, because Mr. Kukreja is not the employer for purposes of the statute, Count IV fails to state a claim for relief as a matter of law, and summary judgment is appropriate.

Mr. Kapoor's Counterclaim does state, in conclusory fashion, that "Counter-Defendants were both employers of Mr. Kapoor, under Fla. Stat 448.101(3)." *See* [D.E. 26, p. 6] (citing Counterclaim ¶ 30). However, this unfounded allegation is completely unsupported by any evidence, is contrary to the undisputed contracts that establish the employment relationship, and is contradicted by Kukreja's testimony and Mr. Kapoor's own admissions and allegations contained in his pleadings. On this motion for summary judgment, Mr. Kapoor's "conclusory allegations without specific supporting facts have no probative value." *See Green*, 613 Fed. Appx. at 793. Thus, summary judgment should be entered in favor of Mr. Kukreja as to Count IV of Mr. Kapoor's Counterclaim.

### C. <u>Kapoor's Civil Theft Claim Against Kukreja Fails as a Matter of Law</u>

Mr. Kapoor's civil theft claim against Mr. Kukreja fails as a matter of law because (1) there is no evidence that Mr. Kukreja ever "obtained or used" Mr. Kapoor's property, or endeavored to do so, (2) there is no specific and identifiable fund that was allegedly stolen, and (3) Mr. Kapoor's civil theft claim against Mr. Kukreja does not go beyond, and is not independent from, his claim for breach of contract against Circuitronix.

To maintain a cause of action for civil theft, a plaintiff "must show by 'clear and convincing evidence' an injury caused by the defendant's violation of one or more of the provisions of the criminal theft laws found in Fla. Stat. §§ 812.012-037." *Tulepan v. Roberts*, 2015 U.S. Dist. LEXIS 5488, *19-20, 2015 WL 235441 (S.D. Fla. Jan. 16, 2015) (quoting *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1326-27 (11th Cir. 2006)). To succeed in a claim for civil theft under Florida law, Mr. Kapoor must demonstrate that Mr. Kukreja "(1) knowingly (2) obtained or used, or endeavored to obtain or use, [Mr. Kapoor's] property with (3) felonious intent (4) either temporarily or permanently to (a) deprive [Mr. Kapoor] of [his] right to or a benefit from the property or (b) appropriate the property to [Mr. Kukreja's] own use or to the use of any person not entitled to the property." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (citing Fla. Stat. §§ 772.11 (providing civil remedy for theft or exploitation), 812.014(1) (criminal theft statute); *Almeida*, 456 F.3d at 1326-27). In addition, it is "essential that the victim have a legally recognized property interest in the items stolen." *Anthony Distributors, Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1575 (M.D. Fla. 1996).

Under Florida law, every element "of civil theft must be proven by clear and convincing evidence, which is an intermediate standard, between the preponderance of the evidence standard and the criminal beyond a reasonable doubt standard." *Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *19-20 (quoting *Small Business Administration v. Echevarria*, 864 F. Supp. 1254, 1264-65 (S.D. Fla. 1994)).

   1. **<u>No Evidence Of Theft By Mr. Kukreja</u>**

To establish a claim for civil theft, Mr. Kapoor must establish by clear and convincing evidence that Mr. Kukreja knowingly "obtained or used, or endeavored to obtain or use" Mr. Kapoor's property. *Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *20; *see also Echevarria*, 864 F.

Supp. at 1264-65.  Here, there is no evidence that Mr. Kukreja ever personally obtained or used any of Mr. Kapoor's property, or even attempted to do so.  Thus, Mr. Kapoor cannot establish one of the required elements of the claim.

Mr. Kapoor's claim is that both Circuitronix and Mr. Kukreja "knowingly retained wages earned by Mr. Kapoor," which he contends constitutes theft of his "property." Counterclaim ¶ 39. There is no dispute that Circuitronix withheld certain of Kapoor's wages, claiming the wages as a setoff for money owed to the company by Mr. Kapoor for his breaches of the employment agreements.  However, there is no evidence at all that Mr. Kukreja ever personally obtained or used, or attempted to obtain or use, any of Mr. Kapoor's property, including any wages purportedly owed to Mr. Kapoor by Circuitronix.

To establish his claim, Mr. Kapoor is required to prove by clear and convincing evidence that Mr. Kukreja obtained or used his property, or endeavored to do so.  At best, Mr. Kapoor claims that Mr. Kukreja, as an officer of Circuitronix, caused the company to withhold payment of his contractual wages, in breach of existing employment contracts.  There is a complete lack of any evidence that Mr. Kukreja personally obtained or used any of Mr. Kapoor's property, including any wages withheld by Circuitronix.

There is no evidence, for example, that any wages payable to Mr. Kapoor were ever transferred to Mr. Kukreja's personal bank account, or that Mr. Kukreja ever used these funds for his personal benefit.  Rather, the evidence shows that Mr. Kukreja was not Mr. Kapoor's employer. *See* Decl. of Rishi Kukreja.  At no time did Mr. Kukreja ever offer or agree personally to be Kapoor's employer. *See id.* at ¶ 6.  Mr. Kukreja never had any personal agreement with Kapoor and Kapoor never performed services for Kukreja rather than Circuitronix. *Id*. During the course of Kapoor's employment by Circuitronix, all reimbursements for expenses incurred by Kapoor

were paid by Circuitronix, the company, and not by Mr. Kukreja individually. *Id.* at ¶ 7. Mr. Kapoor's W-2 form and pay stubs show that Circuitronix was Kapoor's employer, not Mr. Kukreja. *Id.* at ¶ 6.

Mr. Kapoor's failure to establish by clear and convincing evidence that Mr. Kukreja ever obtained or used, or endeavored to obtain or use, any of Mr. Kapoor's property is fatal to his claim for civil theft and summary judgment in favor of Mr. Kukreja is appropriate. *Echevarria*, 864 F. Supp. at 1264-65 (judgment in favor of defendants on civil theft claim where evidence did not meet the clear and convincing standard).

### 2. No Specific And Identifiable Funds

A claim for civil theft of money requires proof that the funds are specific and identifiable. *See Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008); *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. 5th DCA 2002). This identification requirement ensures that a fund of money actually exists to pay a specific debt owed and "the claimant is not merely transforming a contract dispute into a conversion claim." *Tambourine Comercio Internacional SA v. Solowsky*, 312 Fed. Appx. 263, 272 (11th Cir. 2009) (citing cases).

Here, there is no evidence of a specific and identifiable monetary fund that was allegedly stolen. Rather, Mr. Kapoor's claim is that he is owed money generally, as a result of the failure to pay his wages. The wages that Circuitronix withheld were never specifically identified or segregated from its general corporate operating account. Decl. of Rishi Kukreja, at ¶ 19.

In *Fla. Desk, Inc.*, the court held that monies placed into the operating account of a business, and not otherwise segregated, could not satisfy the identification requirement necessary to a civil theft claim. *Fla. Desk, Inc.*, 817 So. 2d at 1061. Similarly, in *Gasparini*, the court held that because the parties did not contemplate that the defendant would keep the allegedly stolen

funds in a separate account, and the defendant was not obligated to hold the funds in a trust or escrow account, the plaintiff could not satisfy the identification requirement for either its conversion or civil theft claims. *Gasparini*, 972 So. 2d at 1056.

Here, like *Fla. Desk, Inc.*, and *Gasparini*, there is no evidence that the funds allegedly owed to Mr. Kapoor are separate and identifiable. Rather, the evidence establishes nothing more than "a simple debt which can be discharged by the payment of money" and "cannot generally form the basis of a claim for conversion or civil theft." *Gasparini*, 972 So. 2d at 1055.

### 3. No Evidence Of Theft Independent Of Breach Of Contract

Civil theft generally cannot arise from the breach of a contractual obligation. *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort"). To survive a motion for summary judgment, a claim for "civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract." *Gasparini*, 972 So.2d at 1055.

Where, as here, the alleged "theft" is of unpaid wages specified in an employment contract, the alleged "theft" is plainly encompassed by the contractual relationship between the parties and no action for civil theft may be maintained. *Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *26 (summary judgment granted as to civil theft claim "because there is a contractual relationship between the parties, and because that relationship plainly encompasses the alleged theft of Plaintiff's unpaid wages").

Here, Mr. Kapoor alleges civil theft against Kukreja for "wages earned" on the basis of his employment contract with Circuitronix. *See* Counterclaim ¶¶ 16, 39. Because Mr. Kapoor's allegations of civil theft derive from his contractual employment relationship with Circuitronix,

there is no basis for this claim under Florida law. Thus, summary judgment should be granted in favor of Mr. Kukreja on Mr. Kapoor's civil theft claim.

It is undisputed that all of the sums at issue in Mr. Kapoor's civil theft claim are allegedly owed to Mr. Kapoor under his employment agreements with Circuitronix. The only "theft" that is alleged is the failure to pay wages allegedly due under the employment agreements, and the only property at issue is the consideration due under the agreements. Summary judgment is appropriate here because there is no evidence that Mr. Kapoor's claim for civil theft goes beyond, or is independent from, a breach of the employment agreements. *Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *26 (civil theft claim for unpaid wages under employment contract was invalid because the contractual relationship plainly encompassed the alleged theft of unpaid wages).

Indeed, the same unpaid wages that are the subject of Mr. Kapoor's civil theft claim are also the subject of Mr. Kapoor's breach of contract claim. *See* Counterclaim ¶¶ 23, 26, 38-39. A civil theft claim is improper where the damages sought are the same as those for breach of contract. *Walker*, 59 So. 3d at 190. In effect, Mr. Kapoor seeks to improperly convert his breach of contract claim against Circuitronix into a civil theft claim against Mr. Kukreja.

Further, there is no evidence that the employment agreements were merely incidental to a felonious scheme to steal wages from Mr. Kapoor, or that Mr. Kukreja acted with felonious intent at the time the employment agreements were signed. *See Gordon v. Omni Equities, Inc.*, 605 So. 2d 538, 541 (Fla. 1st DCA 1992) (civil theft claim improper in cases where "there was no allegation of a felonious intent at the time the agreement was entered into").

At best, Mr. Kapoor alleges a breach of contract that was knowing and willful. However, a breach of contract claim does not turn into a civil theft claim simply because the breach was knowing or willful. *See Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *16 ("a breach of contract claim

does not simply turn into a conversion claim because a defendant *knowingly* breached his contract"); *see also Leisure Founders v. CUC Int'l*, 833 F. Supp. 1562, 1572 (S.D. Fla. 1993) ("A claim for willful breach of contract is still a claim for breach of contract, and does not give rise to tort remedies, no matter how oppressive the breach").

As Mr. Kapoor himself alleges, the parties entered into the employment contract on October 1, 2012, and entered an amended agreement on November 20, 2013. *See* Counterclaim ¶¶ 8-9. The parties then performed their contractual obligations — including full payment of Mr. Kapoor's wages — until years later, when Mr. Kapoor alleges that the contract was breached when his wages from January 1, 2015, were withheld and his employment terminated. *See* Counterclaim ¶¶ 16-17. Between July 1, 2013 and March 15, 2015, Circuitronix paid Kapoor USD $702,637.84 and EUR 37,720.66 in wages and commissions, and he received over USD $30,000 following that period. Decl. of Rishi Kukreja, at ¶ 10. Thus, the undisputed evidence is entirely contrary to any allegation that the employment contract was formed with felonious intent in 2012 or 2013, as an elaborate ruse, to steal Mr. Kapoor's wages in 2015. Rather, the evidence shows a legitimate contractual relationship that was formed and carried out in a regular course of dealing over a period of months and years.

There is simply no evidence of felonious intent on the part of Mr. Kukreja, and no evidence of any "theft" that goes beyond, and is independent from, a failure to comply with the terms of Mr. Kapoor's employment contracts. Therefore, summary judgment is appropriate. *Tulepan*, 2015 U.S. Dist. LEXIS 5488, at *26 (granting summary judgment in favor of defendant as to civil theft claim for unpaid wages under employment contract because the contractual relationship plainly encompassed the alleged theft of unpaid wages).[1]

---

[1] The public policy implications of Mr. Kapoor's civil theft claim against Mr. Kukreja should also be noted. Mr. Kapoor alleges that his wages were withheld by Circuitronix, a company with whom he had an employment contract,

### 4. Attorney's Fees Should Be Awarded Pursuant To Fla. Stat. §772.11(1)

In addition, because the civil theft claim is "without substantial fact or legal support," Fla. Stat. §772.11(1), Mr. Kukreja is entitled to an award of attorney's fees. Section 772.11(1) states: "The defendant is entitled to recover reasonable attorney's fees and costs in the trial and appellate courts upon a finding that the claimant raised a claim without substantial fact or legal support." This standard is less stringent than the frivolousness standard. *See Bronson v. Bronson*, 685 So. 2d 994 (Fla. 5th DCA 1997). Here, however, the theft claim is frivolous. A corporate CEO enforcing an employment agreement does not commit theft. There is no evidence, much less clear and convincing evidence, that Mr. Kukreja stole any property, or that Mr. Kukreja acted with felonious intent. In fact, the undisputed evidence, Mr. Kukreja's testimony, and Mr. Kapoor's own pleadings demonstrate that this claim is clearly frivolous as to Mr. Kukreja. The Court should therefore award Mr. Kukreja a reasonable attorneys' fee.

### CONCLUSION[2]

Mr. Kapoor's claim for unpaid wages, pursuant to Chapter 448, Florida Statutes, fails as a matter of law because Mr. Kukreja was not Mr. Kapoor's employer. Rather, as Kapoor himself admits, the "employer" was Circuitronix. Mr. Kapoor's unfounded and conclusory allegations to the contrary have no probative value and are not sufficient to withstand a motion for summary judgment. Accordingly, pursuant to Fed. R. Civ. P. 56, summary judgment should be entered in favor of Mr. Kukreja as to Count IV of Mr. Kapoor's Counterclaim.

---

in knowing and willful breach of that employment contract. On that basis, he alleges that the company's CEO, Mr. Kukreja, should be liable for civil theft. If this position is accepted, then every CEO of every company doing business in Florida could face personal liability any time one of the company's employees makes a claim for breach of an employment agreement. This cannot be the state of the law.

[2] Mr. Kukreja respectfully requests oral argument on this motion for summary judgment.

Mr. Kapoor's civil theft claim against Mr. Kukreja fails as a matter of law because (1) there is no evidence that Mr. Kukreja ever "obtained or used" Mr. Kapoor's property, or endeavored to do so, (2) there is no specific and identifiable fund that was allegedly stolen, and (3) Mr. Kapoor's civil theft claim against Mr. Kukreja does not go beyond, and is not independent from, his claim for breach of contract against Circuitronix.  Accordingly, pursuant to Fed. R. Civ. P. 56, summary judgment should be entered in favor of Mr. Kukreja as to Count IV of Mr. Kapoor's Counterclaim. In addition, a corporate officer enforcing an employment agreement does not commit civil theft, and so reasonable attorneys' fees should be awarded pursuant to §772.11(1), Florida Statutes.

Dated: November 30, 2015.

          Respectfully submitted
          **KOZYAK TROPIN & THROCKMORTON, LLP**
          *Counsel for Rishi Kukreja*
          2525 Ponce de Leon Blvd., 9th Floor
          Coral Gables, FL 33134
          Tel: (305) 372-1800
          Fax.: (305) 372-3508

          By: */s/ Thomas A. Tucker Ronzetti*
          Thomas A. Tucker Ronzetti, Esq.
          Florida Bar No. 965723
          tr@kttlaw.com
          Chauncey D. Cole IV, Esq.
          Florida Bar No. 102184
          cdc@kttlaw.com
          James M. Slater, Esq.
          Florida Bar No. 111779
          jslater@kttlaw.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on November 30, 2015 as filed with the Clerk of the Court using CM/ECF.

             By: */s/ James M. Slater*
                James M. Slater

F53218