UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,
a Florida limited liability company,

    Plaintiff,

v.

SUNNY KAPOOR,
an individual

    Defendant.
_____/

SUNNY KAPOOR,
an individual

    Counter-Plaintiff,

v.

RISHI KUKREJA,
an individual, and

CIRCUITRONIX, LLC,
a Florida limited liability company

    Counter-Defendants.
_____/

## DECLARATION OF RISHI KUKREJA

    1.    My name is Rishi Kukreja. I am over twenty-one (21) years of age, sui juris, of sound mind, and make this declaration based upon my personal knowledge.

    2.    I am the Chief Executive Officer of Circuitronix, LLC ("Circuitronix" or the "Company").

    3.    Circuitronix was formed in Florida in 2002.

1

4.      Circuitronix is a global business that specializes in, amongst other things, including but not limited to plastic injection molded parts and tooling, precision sheet metal extrusion, stamping and machine parts, silicone rubber keypads, membrane switches, printed circuit board assemblies in the manufacturing and distribution of flexible, rigid-flex and rigid printed circuit boards for a variety of applications, including automotive, industrial, lighting, and security systems.

5.      Circuitronix employees hundreds of individuals around the world, including in the United States, Canada, Mexico, China, Hong Kong, India, Thailand and Philippines.

6.      Sunny Kapoor ("Kapoor") was an employee of Circuitronix for a number of years. *See* Kapoor's W-2, attached as Exhibit "A." The W-2 shows that Circuitronix was Kapoor's employer, not me, as do all of Kapoor's pay stubs. Any claim by Kapoor that I was his employer, rather than the company, is false. At no time did I ever offer or agree personally to be Kapoor's employer. I did not have any personal agreement with Kapoor and he never performed services for me rather than Circuitronix.

7.      During the course of Kapoor's employment by Circuitronix, all reimbursements for expenses incurred by Kapoor were paid by Circuitronix, the company, and not by me individually.

8.      Kapoor was paid regularly by the Company over the course of his employment and not by me individually.

9.      Kapoor worked for Circuitronix in a number of capacities, including in Fort Lauderdale and later as Assistant Chief Executive Officer in Hong Kong. During his tenure in Fort Lauderdale, Kapoor, along with other employees, were offered a stake in Circuitronix.

Kapoor and the other employees later declined the operating agreement promising them an interest in the Company.

10. After declining the agreement, Kapoor was promoted to Assistant Chief Executive Officer in Hong Kong, which resulted in a significant raise. Between July 1, 2013 and March 15, 2015, Circuitronix paid Kapoor USD $702,637.84 and EUR 37,720.66 in wages and commissions, and he received over USD $30,000 following that period.

11. Before initiating work in Hong Kong, Kapoor entered into three employment agreements (collectively the "Employment Agreements") with Circuitronix. *See* Primary Agreement and Letter Agreement, attached as exhibits to the Complaint at D.E. 1-1, 1-2; *see* Secondary Agreement attached as an exhibit to Circuitronix's Motion to Strike at D.E. 28-1.

12. The Employment Agreements create and define Kapoor's employment relationship with Circuitronix.

13. The Primary Agreement (the U.S. employment agreement) includes a number of Primary Restrictive Covenants, including provisions not to compete, solicit, or disseminate confidential information. The Letter Agreement, which supplements and resolves any conflicts between the other agreements (the Primary and Secondary Agreements), provides for a Termination Fee should Kapoor breach any of the Primary Restrictive Covenants.

14. In Hong Kong, Kapoor had broad responsibility for the Company's operations. These responsibilities included maintaining access to the company's most sensitive information.

15. As of January 1, 2012, Kapoor was responsible for managing Circuitronix's supply base in China.

16. As of July 1, 2013, Kapoor was making most of the important decisions at Circuitronix related to supply and sales, including communications with suppliers and customers.

3

17. Circuitronix was particularly vulnerable to breaches by Kapoor based on his increased responsibilities and direct engagement with Circuitronix's suppliers and customers.

18. Kapoor breached his Employment Agreements with Circuitronix, including a number of the Primary Restrictive Covenants found in the Primary Agreement, which triggered a Termination Fee under the Letter Agreement. Accordingly, on April 28, 2015, counsel for Circuitronix sent Kapoor a letter indicating that it would withhold certain of his wages as an offset to amounts due under the Termination Fee. *See* Letter to Kapoor dated Apr. 28, 2015, attached as Exhibit "B." This was Circuitronix's reason for withholding wages.

19. The wages that Circuitronix withheld were never specifically identified or segregated from its general corporate operating account.

20. I personally did not withhold any wages from Kapoor, nor do I have personal possession of any money withheld by the company. I have never personally used any of the money withheld from Kapoor by the company, and I have never attempted to gain possession of or make use of any money withheld from Kapoor by Circuitronix.

21. No property was taken by Circuitronix from Kapoor, and I certainly never took any of his property.

Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true. Executed on this __30TH__ day of __NOVEMBER__ 2015.



Rishi Kukreja

4

# Exhibit A

## Copy B - For Employee's Federal Income Tax Return — 2012 — OMB No. 1545-0008

| Box | Field | Value |
|---|---|---|
| a | Employee's social security number | [redacted] |
| b | Employer ID number | 05-0535630 |
| c | Employer's name, address, and ZIP code | CIRCUITRONIX LLC, 3131 SW 42ND ST, Fort Lauderdale, FL 33312 |
| d | Control number | 7471  51 |
| e | Employee's name, address, and ZIP code | SUNNY KAPOOR, 3131 SW 42nd St, Ft. Lauderdale, FL 33312 |
| 1 | Wages, tips, other comp. | 83231.64 |
| 2 | Federal income tax withheld | 11314.78 |
| 3 | Social security wages | 83231.64 |
| 4 | Social security tax withheld | 3495.71 |
| 5 | Medicare wages and tips | 83231.64 |
| 6 | Medicare tax withheld | 1206.83 |
| 7 | Social security tips | |
| 8 | Allocated tips | |
| 9 | Advance EIC payment | |
| 10 | Dependent care benefits | |
| 11 | Nonqualified plans | |
| 12a | | |
| 12b | | |
| 12c | | |
| 12d | | |
| 13 | Statutory employee / Retirement plan / 3rd-party sick pay | |
| 14 | Other | |
| 15 | State Employer's State ID# | N/A |
| 16 | State wages, tips, etc. | N/A |
| 17 | State income tax | N/A |
| 18 | Local wages, tips, etc. | N/A |
| 19 | Local income tax | N/A |
| 20 | Locality name | N/A |

Form W-2 Wage and Tax Statement — Dept. of the Treasury - IRS
This information is being furnished to the Internal Revenue Service

## Copy 2 - For Employee's State Income Tax Return — [FL] — 2012 — OMB No. 1545-0008

| Box | Field | Value |
|---|---|---|
| a | Employee's social security number | [redacted] |
| b | Employer ID number | 05-0535630 |
| c | Employer's name, address, and ZIP code | CIRCUITRONIX LLC, 3131 SW 42ND ST, Fort Lauderdale, FL 33312 |
| d | Control number | 7471  51 |
| e | Employee's name, address, and ZIP code | SUNNY KAPOOR, 3131 SW 42nd St, Ft. Lauderdale, FL 33312 |
| 1 | Wages, tips, other comp. | 83231.64 |
| 2 | Federal income tax withheld | 11314.78 |
| 3 | Social security wages | 83231.64 |
| 4 | Social security tax withheld | 3495.71 |
| 5 | Medicare wages and tips | 83231.64 |
| 6 | Medicare tax withheld | 1206.83 |
| 7 | Social security tips | |
| 8 | Allocated tips | |
| 9 | Advance EIC payment | |
| 10 | Dependent care benefits | |
| 11 | Nonqualified plans | |
| 12a | | |
| 12b | | |
| 12c | | |
| 12d | | |
| 13 | Statutory employee / Retirement plan / 3rd-party sick pay | |
| 14 | Other | |
| 15 | State Employer's State ID# | FL  NOT NEEDED |
| 16 | State wages, tips, etc. | 83231.64 |
| 17 | State income tax | |
| 18 | Local wages, tips, etc. | N/A |
| 19 | Local income tax | N/A |
| 20 | Locality name | N/A |

Form W-2 Wage and Tax Statement — Dept. of the Treasury - IRS

This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty/other sanction may be imposed on you if this income is taxable and you fail to report it.

Printed by Paylocity Payroll
Page 1 of 2

| Copy C - FOR EMPLOYEE'S RECORDS ONLY | | 2012 | OMB No. 1545-0008 |
|---|---|---|---|
| a Employee's social security number | 1 Wages, tips, other comp.  83231.64 | 2 Federal income tax withheld  11314.78 | |
| | 3 Social security wages  83231.64 | 4 Social security tax withheld  3495.71 | |
| b Employer ID number  05-0535630 | 5 Medicare wages and tips  83231.64 | 6 Medicare tax withheld  1206.83 | |

c Employer's name, address, and ZIP code

CIRCUITRONIX LLC
3131 SW 42ND ST
Fort Lauderdale, FL 33312

d Control number
7471    51

e Employee's name, address, and ZIP code

SUNNY KAPOOR
3131 SW 42nd St
Ft. Lauderdale, FL 33312

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | |
| 12a | | 13 Statutory employee   Retirement plan   3rd-party sick pay |
| 12b | | 14 Other |
| 12c | | |
| 12d | | |

| 15 State Employer's State ID# | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| FL   NOT NEEDED | 83231.64 | |
| 18 Local wages, tips, etc.  N/A | 19 Local income tax  N/A | 20 Locality name  N/A |

**Form W-2 Wage and Tax Statement**          Dept. of the Treasury - IRS

This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty/other sanction may be imposed on you if this income is taxable and you fail to report it.

**Printed by Paylocity Payroll**
Page 2 of 2

# Exhibit B

# TORRES LAW, P.A.
EB-5 ◊ CORPORATE ◊ SECURITIES ◊ MEDIA

Admitted in  
New York/Florida

Osvaldo F. Torres, Esq.  
Tel: 754-300-5816

April 28, 2015

**VIA E-MAIL (SKAPOOR.CTX@GMAIL.COM) AND COURIER**

Mr. Sunny Kapoor  
Apartment 9A Tower 10  
Larvotto, No. 8 Ap Lei Chau Praya Road  
Hong Kong

Re: **Cease and Desist of Continuing Breaches and Demand for Payment of Termination Fee**

Dear Sunny:

Reference is made to the letter agreement dated November 20, 2013 (the "**Letter Agreement**") regarding, among other things, certain terms of your employment under the Employment Agreement (the "**Primary Agreement**" and together with the Letter Agreement, the "**Kapoor Agreements**") dated October 1, 2012 between you and Circuitronix, LLC, a limited liability company organized and existing under the laws of the State of Florida, whose principal place of business is located at 3131 SW 42nd Street, Fort Lauderdale, Florida 33312 (the "**CTX USA**"). All capitalized terms used herein and not otherwise defined shall have the meaning ascribed thereto in the applicable Kapoor Agreements.

As you are aware, CTX USA is in possession of information that confirms that you have materially breached the Primary Covenants and the exclusivity provisions of the Kapoor Agreements. Consequently, we mutually agreed to terminate your employment with CTX USA because of such material breaches effective as of March 15, 2015, which termination constituted a Termination Event entitling CTX USA to the Termination Fee set forth in Section 12 of the Letter Agreement.

CTX USA is informed that the material breaches that constituted a Termination Event have not ceased and, in fact, are continuing. Demand is hereby made that you immediately cease and desist from any and all activity that would constitute a breach or would likely constitute a breach of the Kapoor Agreements, including but not limited to the Primary Covenants.

ozzie@torreslaw.net  
888 Southeast 3rd Avenue  
Suite 400  
Fort Lauderdale, Florida 33316

Mr. Sunny Kapoor
April 28, 2015
Page 2

In addition, demand is hereby made for payment of the Termination Fee, the amount of which totals US$267,791.51.  As of March 15, 2015, CTX USA estimates that a total of US$112,698.64 may be due to you, which sum shall be applied to and reduced from the Termination Fee, leaving a balance due and payable by you to CTX USA of US$155,092.87 ("**Balance Due**").  If the Balance due is not paid within 10 business days from the date hereof, CTX USA shall take all action necessary to collect such sum, including all attorney's fees and costs associated therewith, as to which CTX USA is entitled to under the Kapoor Agreements.

Because of your continuing breaches of the Kapoor Agreements, including among other things, the Primary Covenants, CTX USA and its affiliates have suffered and will continue to suffer damages, and irreparable harm.  As such, notice is hereby given of CTX USA's intent to bring suit and all legal action necessary to recover all damages suffered and that will be suffered as a result of your material breaches, and to ensure that all such breaches cease and are discontinued.

Nothing herein is intended as or shall be deemed a waiver of any of CTX USA's rights, all of which rights are hereby reserved.

Sincerely,

Osvaldo F. Torres

cc:  Mr. Rishi Kukreja