UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61446-BLOOM/Valle

CIRCUITRONIX, LLC,

 Plaintiff,

v.

SUNNY KAPOOR,

 Defendant,
_____/

SUNNY KAPOOR,

 Counter-Plaintiff,

v.

RISHI KUKREJA,
CIRCUITRONIX, LLC,

 Counter-Defendants.
_____/

## ORDER ON MOTION FOR RELIEF FROM FINAL ORDER

**THIS CAUSE** is before the Court upon Circuitronix, LLC's ("Plaintiff" or "Circuitronix") Motion for Relief from Court Order, ECF No. [145] ("Motion"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The basis for the Plaintiff's requested relief stems from certain alleged false testimony presented during the trial and discovery. Plaintiff claims that the Defendant, Sunny Kapoor ("Kapoor"), during the trial of this case, knowingly provided false testimony under oath in a conscious effort to mislead the Court. Plaintiff maintains that Kapoor also lied during discovery,

concealing evidence that he was required to disclose, thereby misleading the Court and Plaintiff, and preventing Plaintiff from fully and fairly presenting its case. Circuitronix argues further that Kapoor's misrepresentations went directly to the heart of the disputed issues in the case, and resulted in the Final Order, ECF No. [110], that denied Circuitronix's breach of contract counterclaim against Kapoor. As a result, Circuitronix seeks relief from the Final Order pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

Under Rule 60(b)(3) a party may obtain relief from a final judgment or order for fraud, misrepresentation or misconduct by an opposing party. To do so, "the moving party must prove by clear and convincing evidence that the adverse party obtained the [judgment] through fraud, misrepresentations, or other misconduct." *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). The Court enjoys considerable discretion in determining whether to grant relief pursuant to Rule 60(b)(3). *Scutieri v. Paige*, 808 F.2d 785, 794 (11th Cir. 1987). In any event, "a rule 60(b) motion cannot serve as a substitute for an appeal." *Id*. (citing *Fackelman v. Bell*, 564 F.2d 734, 734 (5th Cir. 1977)).

In support of its Motion, Circuitronix relies primarily on a declaration provided by Ralph Bischoff, a board member of Ei EMS. *See* ECF No. [145-1] ("Declaration").[1] In the Declaration, Mr. Bischoff contends that, contrary to Kapoor's testimony before the Court whereupon Kapoor represented himself to be the managing director of Imaginasian, he was the CEO of Ei EMS and therefore had access to all of the business records of Ei EMS, and Ei EMS engaged in the sale of PCBA. In response, Kapoor characterizes the evidence provided by Circuitronix as supplemental evidence in support of its claim, which has already been ruled upon

---

[1] Circuitronix also attached nearly 500 pages of additional attachments to its Reply, ECF No. [148].

by the Court.[2] The Court agrees with Kapoor. First, in the Final Order, despite the lack of direct evidence that Kapoor had an ownership stake in or was officially employed by Ei EMS, the Court nevertheless attributed the company's activities to Kapoor. Even so, the Court determined that the activities of Ei EMS did not encroach upon Circuitronix's line of business. Through Mr. Bischoff's Declaration and the plethora of materials attached to its Reply, Circuitronix presumably is providing what it believes to be such direct evidence. This is unavailing. At best, the Declaration calls into question Kapoor's credibility, which the Court had the opportunity to assess at the hearings already held that led to entry of the Final Order. Second, despite Mr. Bischoff's assertions, Circuitronix does not provide any evidence of a transaction or solicitation involving the sale of PCB or PCBA by Ei EMS. Third, and perhaps most significantly, there is no indication that Circuitronix was not aware of Mr. Bischoff prior to the final hearing. As such, Circuitronix could have called him to testify.

Indeed, upon review, Circuitronix has not provided clear and convincing evidence of fraud, misrepresentations or misconduct that would justify disturbing the Court's Final Order. Accordingly, Circuitronix's Motion, **ECF No. [145]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of December, 2018.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

[2] The Eleventh Circuit affirmed the Final Order. *See* ECF No. [150].