UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61446-BLOOM/VALLE

CIRCUITRONIX, LLC,
A Florida Limited Liability Company,

    Plaintiff,

v.

SUNNY KAPOOR,
An Individual,

    Defendant.
_____/

SUNNY KAPOOR,
An Individual,

    Counter-Plaintiff,

v.

RISHI KUKREJA
An Individual, and
CIRCUITRONIX, LLC,
A Florida Limited Liability Company,

    Counter-Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon the following Motions: (i) Defendant Sunny Kapoor's Motion for Fees and Costs (ECF No. 127) ("Kapoor's Motion for Fees and Costs"); (ii) Circuitronix, LLC's Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (ECF No. 128) ("Circuitronix's Motion for Fees and Costs"); (iii) Sunny Kapoor's Application for Appellate Attorneys' Fees (ECF No. 156-1) ("Kapoor's Application for Appellate Fees"); and (iv) Defendant Sunny Kapoor's Motion for Attorneys' Fees incurred in connection with

Circuitronix's Motion for Relief from Final Order under Rule 60(b) (ECF No. 167) (collectively, the "Motions"). United States District Judge Beth Bloom has referred the Motions to the undersigned for a Report and Recommendation. (ECF Nos. 159, 163, 170). Accordingly, having reviewed the Motions, the respective Responses and Replies (ECF Nos. 134, 135, 136, 137, 156-2, 156-3, 159, 163, 169, 170, 171), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motions be **DENIED** for the reasons set forth below.

## I. BACKGROUND

The procedural history of this case is set forth in the prior opinions of the District Court and Eleventh Circuit, which are incorporated by reference. *See* (ECF Nos. 72, 110, 150); *Circuitronix, LLC v. Kapoor*, 748 F. App'x 242 (11th Cir. 2018); *Circuitronix, LLC v. Kapoor*, No. 15-CV-61446-BLOOM/Valle, 2017 WL 3438880, at *1 (S.D. Fla. Aug. 10, 2017), *aff'd*, 748 F. App'x 242 (11th Cir. 2018); *Circuitronix, LLC v. Kapoor*, No. 15-CV-61446-BLOOM/Valle, 2016 WL 8710148, at *1 (S.D. Fla. Dec. 19, 2016). Below is a summary of the underlying litigation that gives rise to the current Motions regarding who is the "prevailing party" for purposes of entitlement to attorneys' fees and costs under the Settlement Agreement (as defined below).

### A. *The Cross-Motions for Fees and Costs*

Kapoor has filed three motions seeking attorneys' fees and costs related to different proceedings at the trial and appellate levels. Kapoor's first Motion for Fees and Costs requests an award of $330,133.50 in fees and $38,300.16 in costs incurred in defending Circuitronix's cross-motion to enforce the Settlement Agreement (ECF No. 56).[1] *See* (ECF No. 127 at 10, 11). In his

---

[1] Kapoor alleges he incurred a total of $351,287.50 in fees, of which $330,133.50 can be attributed to defending Circuitronix's cross-motion to enforce the Settlement Agreement, and $21,154 corresponds to Kapoor's initial motion to enforce the Settlement agreement. (ECF No. 127 at 11). Kapoor's request to allocate the fees to the respective cross-motions is moot because, as discussed below, the undersigned finds that neither party is entitled to an award of fees and costs.

Application for Appellate Fees, Kapoor requests an additional $70,237.50 incurred by appellate counsel in connection with Circuitronix's appeal to the Eleventh Circuit. (ECF No. 156-1 at 6). Lastly, Kapoor's Motion for Attorneys' Fees incurred in connection with Circuitronix's Motion for Relief from Final Order under Rule 60(b) requests and additional $35,582.50 in attorneys' fees incurred in connection with Circuitronix's request for post-judgment relief. *See* (ECF No. 167 at 4).

Circuitronix, in turn, opposes all of Kapoor's requests for attorneys' fees and costs and seeks instead an award of $269,115 in fees and $41,382.34 in costs incurred in connection with litigating the cross-motions to enforce the Settlement Agreement. (ECF No. 128 at 15).

### *B. The Underlying Litigation, Settlement Agreement, and Cross-Motions to Enforce Settlement Agreement*

This case is the result of a "falling out" between Circuitronix and Kapoor, a former employee of Circuitronix, who served as the company's Assistant Chief Officer from October 2012 until his termination in March 2015. (ECF No. 110 at 2); *Circuitronix,* 2017 WL 3438880, at *1. Following Kapoor's termination, Circuitronix filed suit in July 2015 against Kapoor, asserting claims for the dissemination of Circuitronix's proprietary information, self-dealing, and other breaches of Kapoor's employment agreements. *Id.* In response to Circuitronix's claims, Kapoor filed a counterclaim against Circuitronix and its CEO, asserting claims for breach of employment contract, unlawful retaliation, civil theft, and unpaid wages. *Id.* After mediation and extended negotiations, the parties entered into a Settlement Agreement that was formally approved by the Court. (ECF No. 44). In approving the Settlement Agreement, the Court "retain[ed]

jurisdiction for the sole purpose of enforcing the terms of the settlement agreement between the parties."[2] *Id.*

On September 9, 2016, Kapoor filed his Motion to Enforce the Settlement Agreement, which ignited the litigation that has since been ongoing. *See* (ECF No. 50). Kapoor's Motion to Enforce the Settlement Agreement was a response to letters sent by Circuitronix to Bawa Machine and Tool Manufacturing ("BMTM") and Koala Holdings, LLC ("Koala"), companies owned by Kapoor's relatives, who were allegedly competing with Circuitronix in breach of the Settlement Agreement. (ECF Nos. 73 at 3, 110 at 6); *Circuitronix*, 2017 WL 3438880, at *2-3; *Circuitronix*, 2016 WL 8710148, at *1-2. Kapoor argued that the letters violated the Settlement Agreement's confidentiality and non-disparagement clauses. *See generally* (ECF No. 50); *see also Circuitronix*, 2017 WL 3438880, at *3; *Circuitronix* 2016 WL 8710148, at *2. In response to Kapoor's motion, Circuitronix filed its own cross-motion to enforce the Settlement Agreement.[3] *See generally* (ECF No. 55); *Circuitronix*, 2017 WL 3438880, at *3; *Circuitronix* 2016 WL 8710148, at *3. These two motions (Kapoor's Motion to Enforce the Settlement Agreement (ECF No. 50) and Circuitronix's corresponding cross-motion (ECF No. 55)), serve as book-ends framing the years of litigation leading to the instant requests for attorneys' fees and costs.

---

[2] Shortly after the Court's approval of the Settlement Agreement, Circuitronix filed its first motion to enforce the Settlement Agreement, claiming that Kapoor was competing directly with Circuitronix. *See* (ECF Nos. 45, 110 at 5); *Circuitronix*, 2017 WL 3438880, at *2. That motion was quickly resolved by a Joint Stipulation in January 2016. *See* (ECF No. 48); *Circuitronix*, 2017 WL 3438880, at *2.

[3] Both Kapoor and Circuitronix requested limited discovery in support of their respective motions to enforce the Settlement Agreement, which the District Court granted. *Circuitronix*, 2017 WL 3438880, at *3; *Circuitronix*, 2016 WL 8710148, at *6.

To resolve the underlying cross-motions to enforce the Settlement Agreement, the parties participated in extensive proceedings before the District Court.[4] The District Court held an initial evidentiary hearing on December 8, 2016. (ECF No. 72); *see also Circuitronix,* 2016 WL 8710148, at *1. On December 19, 2016, the District Court entered an initial Order granting in part and denying in part the respective cross-motions to enforce the Settlement Agreement. (ECF No. 73); *Circuitronix,* 2016 WL 8710148, at *1. At that time, the Court concluded that the letters sent by Circuitronix to BMTM and Koala did not violate the confidentiality and non-disparagement clauses of the Settlement Agreement. (ECF No. 73 at 6); *Circuitronix,* 2016 WL 8710148, at *3. The District Court also defined Circuitronix's line of business for purposes of the Settlement Agreement. (ECF No. 73 at 12-13); *Circuitronix,* 2016 WL 8710148, at *5. Although the District Court preliminarily denied the cross-motions to enforce the Settlement Agreement, the Court nonetheless gave the parties leave to conduct limited discovery on each other's allegations regarding violations of the Settlement Agreement. (ECF No. 73 at 15-16); *Circuitronix,* 2016 WL 8710148, at *6. The Court then scheduled a final evidentiary hearing on the cross-motions. (ECF No. 73 at 16); *Circuitronix*, 2016 WL 8710148, at *6.

The final evidentiary hearing was held in late April 2017, with closing arguments in May 2017. (ECF Nos. 96, 99, 108). On August 8, 2017, the District Court denied the respective motions in a Final Order on Cross-Motions to Enforce Settlement Agreement.[5] *See* (ECF No. 110); *Circuitronix*, 2017 WL 3438880, at *9. Thereafter, Circuitronix appealed the District Court's ruling. (ECF No. 125). On October 1, 2018, the Eleventh Circuit issued its mandate

---

[4] According to Kapoor, he was deposed for more than 20 hours and the District Court presided over 20 hours of hearings, which included 250 exhibits. (ECF No. 127 at 7).

[5] Following the District Court's ruling on the cross-motions to enforce the Settlement Agreement, the parties filed competing motions for attorneys' fees and cost, which the District Court denied without prejudice based on the Notice of Appeal. (ECF Nos. 127, 128, 143).

5

affirming the District Court's Final Order on Cross-Motions to Enforce Settlement Agreement. (ECF No. 150); *Circuitronix*, 748 F. App'x at 246. Subsequently, the parties renewed their respective request for attorneys' fees and costs and the instant Motions became ripe for adjudication.

## II. LEGAL STANDARD

### A. *Entitlement to Fees and Costs Generally*

Under the "American Rule," each party must pay its own attorneys' fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). Relevant to the instant case, the Settlement Agreement between the parties provides that:

> In any litigation concerning the enforcement of [the] Settlement Agreement . . . the prevailing party shall be entitled to its attorneys' fees and costs, including those attorneys' fees and costs related to pre-litigation investigations and negotiations, as well as those attorneys' fees and costs associated with litigation, arbitration, appeals, and quasi-judicial proceedings. For purposes of this section, the word "costs" shall be deemed to include copying costs, travel costs, filing fees, government fees, and those fees reasonably incurred for the retention of expert witnesses and accountants.

(ECF No. 53 at 6) ("Paragraph 24 of the Settlement Agreement"). The parties do not dispute the validity of Paragraph 24 of the Settlement Agreement and its application to the instant Motions. Rather, the issue is who (if anyone) should be considered the "prevailing party" on the cross-motions to enforce the Settlement Agreement for purposes of awarding attorneys' fees and costs.

### B. *"Prevailing Party" Status and the "Significant Issues" Test*

"Given the kaleidoscope of possible outcomes in civil litigation involving multiple plaintiffs and defendants who assert multiple claims and counterclaims, deciding which, if any, party has prevailed for purposes of attorney's fees can be an uncertain proposition." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 840 (11th Cir. 2015); *see also Scutti v. Daniel E. Adache & Assocs. Architects, P.A.*, 515 So. 2d 1023, 1024 (Fla. 4th DCA 1987) ("There appears to be no end to the myriad situations involving the right to prevailing party attorney's fees."). If, for example, one party is successful in advancing or defending *all* of its claims, the determination of "prevailing party" for purposes of an award of attorneys' fees and costs may be simple. *See generally* Grace L. McGuire, *Fee Awards to the Prevailing Party in Contract Actions – Varying Approaches and How They Should Effect Defense Strategies*, 58 No. 5 DRI For Def. 65, *1 (May 2016). That determination, however, becomes more difficult when a party succeeds on some, but not all, of his claims and defenses. *Id.*

In determining who is the prevailing party here, the undersigned is guided by Florida law and Florida's Supreme Court decision in *Moritz v. Hoyt Enterprises*, 604 So. 2d 807, 810 (Fla. 1992), which generally adopt a "holistic approach" to determining "prevailing party" status.[6] *See* McGuire, *supra,* at *1. Pursuant to *Moritz*, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz*, 604 So. 2d at 810; *see also Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993) (confirming that *Moritz* requires a more flexible application of the rule to determine "prevailing party" and a "net judgment" is but one factor to be considered). Under *Moritz* "the fairest test to determine

---

[6] *Moritz* embraced the test for determining prevailing party set forth by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Moritz*, 604 So. 2d at 809-10.

7

who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Moritz*, 604 So. 2d at 810.

Florida courts applying *Moritz's* "significant issues" test have reached seemingly different results. For example, Florida's Second and Fifth District Courts of Appeal—as well as federal courts applying Florida law—have allowed trial courts to call a "tie" between the parties and also to refrain from awarding "prevailing party" attorneys' fees on a finding of "compelling circumstances." *See generally* Larry R. Leiby, ATTORNEY FEES—BASES FOR RECOVERY, 8 Fla. Prac., Constr. Law Manual § 16:21 (2018-2019 ed.); *see also Merchs. Bonding Co. (Mut.) v. City of Melbourne*, 832 So. 2d 184, 186 (Fla. 5th DCA 2002) (agreeing with Florida's Second District's preference for a more flexible rule allowing the trial judge discretion to determine that no party prevailed where litigants "fought to a draw" and no one won or lost); *Miller v. Jacobs & Goodman, P.A.*, 820 So. 2d 438, 441 (Fla. 5th DCA 2002) (recognizing that "prevailing party" attorneys' fees are proper in a majority of cases, but in certain cases, the trial court is not required to award fees); *KCIN, Inc. v. Canpro Invs., Ltd.*, 675 So. 2d 222, 223 (Fla. 2d DCA 1996) (holding that an attorneys' fee award is not required each time there is litigation involving a contract providing for "prevailing party" fees).

In contrast, the Third and Fourth District Courts of Appeal have generally held that in contract disputes, one party must prevail. *See, e.g., Port-A-Weld, Inc. v. Padula & Wadsworth Const., Inc.*, 984 So. 2d 564, 569 (Fla. 4th DCA 2008) (reversing trial court ruling that attorneys' fees for both sides were a "wash")*; Green Cos., Inc. v. Kendall Racquetball Inv., Ltd*, 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995) (noting that in a breach of contract case, one party must prevail)*; Lucite Ctr., Inc. v. Mercede*, 606 So. 2d 492, 493 (Fla. 4th DCA 1992) (same)*; Reinhart v. Miller,* 548 So. 2d 1176, 1177 (Fla. 4th DCA 1989) (noting that there can only be one "prevailing party"

8

unless in the same lawsuit there are separate and distinct claims which would support independent actions).

More recently, however, Florida's Third and Fourth District Courts of Appeal have recognized that a more flexible approach to determining "prevailing party" may be appropriate. *See, e.g.*, *Padgett v. Kessinger*, 190 So. 3d 105, 108 (Fla. 4th DCA 2015) (noting that "*absent compelling circumstances*, one party must prevail in a breach of contract action for purposes of prevailing party award of attorney fees.") (emphasis added); *Schoenlank v. Schoenlank*, 128 So. 3d 118, 122 (Fla. 3d DCA 2013) (holding that trial court did not abuse its discretion by finding that both parties prevailed and neither was entitled to attorneys' fees award); *M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.*, 975 So. 2d 1288, 1290 (Fla. 4th DCA 2008) (concluding that not abuse of discretion to decline fee award where parties "battled to a draw" and neither party prevailed); *see also* Leiby, *supra,* at *2. Similarly, in 2009, the Florida Supreme Court signaled that it did not "construe any of the appellate cases concerning prevailing party attorneys' fees to *mandate* that there be a prevailing party, only that *where* a 'prevailing party' is determined, the entitlement to attorneys' fees is mandatory." *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1204 n.13 (Fla. 2009) (emphasis added) (citations omitted). Indeed, the Florida Supreme Court rejected "the notion that in every construction lien case the trial court is compelled to find a prevailing party." *Id.*

The Florida Supreme Court's view that every case need not have a "prevailing party" for purposes of attorneys' fee awards has been embraced by this District and other Florida federal courts. *See, e.g.*, *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665359, at *6 (S.D. Fla. Nov. 1, 2017) (concluding that where each party wins and each party loses on a significant issue, the court has the discretion to conclude that neither party prevailed), *report and*

9

*recommendation adopted*, No. 15-60474-CIV, 2017 WL 5665361 (S.D. Fla. Nov. 20, 2017); *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-CV-3129-T-30TBM, 2016 WL 3172064, at *2 (M.D. Fla. June 7, 2016) (declining to award prevailing party attorneys' fees where each party received some of what it sought, but neither party received all what it sought); *Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc.*, No. 9:11-CV-80601-DMM, 2016 WL 2918152, at *12 (S.D. Fla. May 18, 2016) (acknowledging the court's discretion to deny "prevailing party" attorneys' fees where none of the parties succeeded on their claims or counterclaims); *TEC Serv, LLC v. Crabb*, 622 F. App'x 867, 870 (11th Cir. 2015) (noting that, in limited circumstances, courts may determine that no prevailing party exists and may decline to award any fees pursuant to a contractual provision); *R.S.B. Ventures, Inc. v. Fed. Deposit Ins. Corp.*, No. 10-60703-CIV, 2014 WL 11598000, at *4 (S.D. Fla. May 20, 2014) (denying an award of appellate fees because neither party substantially prevailed).

The cross-motions are reviewed against this legal backdrop.

### III.   DISCUSSION

#### A.  *The Cross-Motions for Fees and Costs*

Kapoor and Circuitronix have each filed Motions for attorneys' fees and costs incurred in litigating the cross-motions to enforce the Settlement Agreement and related proceedings. *See generally* (ECF Nos. 127, 128). In seeking fees and costs pursuant to Florida law and paragraph 24 of the Settlement Agreement, Kapoor argues that he is the "prevailing party" because the central issue in the proceedings to enforce the Settlement Agreement was whether Kapoor was competing with Circuitronix in violation of the Agreement's restrictive covenants. (ECF No. 127 at 7). Although he asserts that he is entitled to "100% of the attorneys' fees and costs generated in connection with *both* Cross-Motions," Kapoor proposes an "equitable application of Florida law"

and suggests that, at a minimum, he prevailed in defending against Circuitronix's cross-motion to enforce the Settlement Agreement and is, therefore, entitled to those fees and costs. *Id.* at 8.

In its competing motion, Circuitronix also relies on Florida law to reach a different conclusion. *See generally* (ECF No. 128); *see also* (ECF No. 135) (Circuitronix's Opposition to Kapoor's Motion for Fees and Costs). Circuitronix emphasizes that because "[it] was defending itself in litigation that was initiated by Kapoor, [Circuitronix] is considered the prevailing party, even though it did not succeed on its counterclaim."[7] (ECF No. 128 at 2). According to Circuitronix, Kapoor cannot be the "prevailing party" because the District Court rejected his claims and Kapoor obtained no relief. (ECF No. 135 at 1-2); *see also* (ECF No. 128). Circuitronix, therefore, argues that *it* is the "prevailing party" entitled to attorneys' fees and costs. (ECF Nos. 128 at 2, 135 at 2).

After review of the extensive briefs on the Motions, the case law, and the history of the underlying proceedings, the undersigned is unpersuaded by the parties' conflicting arguments. Ultimately, as set forth below, the undersigned finds that neither party achieved "prevailing party" status under Florida law for purposes of entitlement to fees and costs pursuant to the Settlement Agreement.

As summarized above, under Florida law, trial courts have the discretion to determine that there is no prevailing party and, thus, to decline to award attorneys' fees to either party.[8] *Dear*,

---

[7] The parties use the phrases "claims" and "cross-claims" interchangeably to describe the proceedings regarding enforcement of the Settlement Agreement. *See, e.g.*, (ECF Nos. 136 at 2, 128 at 2). Because Kapoor initiated the proceedings, he effectively asserted claims against Circuitronix. Circuitronix, in turn, defended against Kapoor's claims and filed its cross-motion, which is the procedural equivalent of a counterclaim.

[8] The parties dispute this legal proposition and, instead, rely on other Florida cases. *See, e.g.*, (ECF No. 136 at 3-4) (Kapoor's reliance on *Fidelity Warranty Services, Inc. v. Firstate Insurance Holdings, Inc.*, 98 So. 3d 672 (Fla. 4th DCA 2012) and other cases for the proposition that a plaintiff who lost on its claim (but prevailed on the defendant's counterclaim), is a "prevailing

11

2017 WL 5665359, at *5 (citing *Trytek,* 3 So. 3d at 1196).  Indeed, the *Trytek* court specifically noted that Florida appellate courts have upheld trial court decisions in breach of contract cases that find no prevailing party using the "significant issues" test.  *Trytek*, 3 So. 3d at 1203 n.12.  Here, it is undisputed that neither party succeeded on its claim.  *See* (ECF No. 134 at 4) ("[T]here can be little dispute that the parties' prevailed on the *other's* respective motion . . . ."); (ECF No. 135 at 3) ("[N]either party was found liable and neither party was awarded damages or injunctive relief."). Nevertheless, in maintaining that each has obtained "prevailing party" status, the parties disagree about the application of the "significant issues" test to this case.  Kapoor argues that the "significant issue" in the litigation became Ciruitronix's cross-motion to enforce the Settlement Agreement based on allegations that companies affiliated with Kapoor were competing with Circuitronix in breach of the agreement.  *See generally* (ECF Nos. 127, 134).  Circuitronix, on the other hand, emphasizes that "because it was *defending* itself in litigation that was *initiated* by Kapoor, the company is considered the prevailing party [under Florida law] even though it did not succeed on its counterclaim."  (ECF No. 128 at 2) (emphasis added).

Based on the posture of the proceedings, where both parties sought to enforce the Settlement Agreement and neither succeeded, the undersigned finds that the application of the "significant issues" test results in a "wash."  Specifically, Kapoor lost on his claim that Circuitronix violated the Settlement Agreement's confidentiality and non-disparagement provisions.  *See* (ECF No. 110 at 9) ("[T]he two letters Circuitronix sent to BMTM and Koala . . . did not violate the

---

party"); (ECF No. 128 at 7-10) (Circuitronix's reference to *Chow v. Chak Yam Chau*, 640 F. App'x 834 (11th Cir. 2015), *Scutti v. Daniel E. Adache & Associates Architects, P.A.*, 515 So. 2d 1023 (Fla. 4th DCA 1987), and *Newton v. Tenney*, 122 So. 3d 390 (Fla. 4th DCA 2013) for the proposition that in determining "prevailing party," a "tie" goes to the defendant who is sued and who was found not liable).  For the reasons discussed herein, the undersigned finds those cases inapposite to the instant circumstances.

confidentiality and non-disparagement clauses of the Settlement Agreement."); (ECF No. 110 at 11) ("Kapoor conceded that the additional letters Circuitronix had sent out to third parties . . . do not violate the Settlement Agreements' confidentiality and non-disparagement clauses."); *Circuitronix*, 2017 WL 3438880, at *4, *5. Similarly, Circuitronix lost its cross-motion to enforce the Settlement Agreement.[9] *See* (ECF No. 110 at 16) (concluding that the evidence regarding the Imaginasian Website was insufficient to carry Circuitronix's evidentiary burden); (*Id.* at 20) (concluding that the circumstantial evidence regarding Imaginasian India and Ei EMS was too speculative); (*Id.* at 20-22) (finding insufficient evidence to support Circuitronix's argument that Kapoor was involved in Imaginasian India's employment of two former Circuitronix employees); *Circuitronix*, 2017 WL 3438880, at *6, *8-9.

In sum, the parties vigorously litigated the cross-motions to enforce the Settlement Agreement and forcefully pursued their claims. Neither party, however, achieved what it sought.[10] Against this factual background, the undersigned concludes that the stalemate resulting from the competing cross-motions provides a compelling reason to find that neither party "prevailed." *See, e.g.*, *Dear*, 2017 WL 5665359, at *7; *Meth Lab Cleanup*, 2016 WL 3172064, at *2 (declining to award prevailing party attorneys' fees where the litigation resulted in each party receiving some,

---

[9] Moreover, although the parties disagree on whether the issues were "separate and distinct" or "inexplicably intertwined" for purposes of determining "prevailing party" status, *see* (ECF Nos. 127 at 7, 135 at 7, 156-2 at 15), both parties lost in their efforts to enforce the Settlement Agreement. Accordingly, the Court need not determine whether the parties' theories regarding the alleged breach of the Settlement Agreement should be considered related or separate claims. *See, e.g., Schoenlank*, 128 So. 3d at 122 (declining to determine whether the issues were "distinct and separable" or "inextricably intertwined" because neither party clearly prevailed on either issue whether the litigation was viewed piecemeal or in total).

[10] The Court is also unpersuaded by Circuitronix's argument that it prevailed on "other significant issues in the litigation despite not being awarded damages and injunctive relief on its counterclaim." (ECF No. 128 at 10). At bottom, Circuitronix litigated (and lost) its competing breach of contract claim. The District Court's underlying factual findings within the proceedings do not make Circuitronix the "prevailing party."

13

but not all of what it sought); *Winn-Dixie Stores*, 2016 WL 2918152, at *12 (declining to award attorneys' fees and costs where claims and counterclaims were all unsuccessful); *TEC Serv*, 622 F. App'x at 870 (recognizing that, in limited circumstances, courts may determine that no prevailing party exists and may decline to award fees even in contractual disputes). Consequently, the District Court should exercise its discretion to decline to award attorneys' fees and costs pursuant to the Settlement Agreement.[11]

### B. Kapoor's Application for Appellate Fees

Kapoor also seeks an award of fees and costs incurred by appellate counsel in connection with Circuitronix's appeal of the District Court's Final Order denying the parties' cross-motions to enforce the Settlement Agreement. *See generally* (ECF No. 156-1). The Eleventh Circuit transferred Kapoors' Application for Appellate Fees to the District Court. (ECF No. 156 at 2). The matter was then referred to the undersigned for a Report and Recommendation. (ECF No. 159).

In their briefs on whether Kapoor is entitled to an award of appellate fees, the parties generally rely on the same arguments (regarding "prevailing party" status) raised in their competing motions for fees and costs incurred for the District Court proceedings.[12] *See generally* (ECF No. 156-2); *see also* (ECF Nos. 127, 128, 134, 135, 136, 137). Kapoor's only new argument

---

[11] Because the undersigned finds that neither party is a "prevailing party" for purposes of an award of attorneys' fees and costs, the Court need not address the parties' additional challenges to specific time entries. *See, e.g.*, (ECF No. 134 at 16-17) (arguing that Circuitronix provides insufficient information to determine the amount of fees and costs allocated to the defense of Kapoor's motion to enforce the Settlement Agreement); (ECF No. 135 at 15-20) (discussing objections to specific time entries and fees under the "lodestar" method).

[12] Circuitronix also argues that a ruling on the appellate fees would be premature pending the District Court's ruling on Circuitronix's Rule 60(b) motion. (ECF No. 156-2 at 17-19). Since then, however, the District Court has denied Circuitronix's Rule 60(b) motion. *See* (ECF No. 164). Therefore, this argument is moot.

emphasizes his victory on the *appeal*, which he asserts is a separate proceeding from the cross-motions to enforce the Settlement Agreement. (ECF No. 156-3 at 5, 6). Neither party, however, provides relevant legal support regarding the procedural distinction (if any) between the appellate and District Court proceedings for purposes of an award of attorneys' fees and costs based on "prevailing party" status under Florida law.

Appellate proceedings are included in the definition of "any litigation" in the Settlement Agreement's "prevailing party" attorneys' fees provision. (ECF No. 53 at 6). In appealing the District Court's Final Order on Cross Motions to Enforce the Settlement Agreement (ECF No. 110), Circuitronix challenged the District Court's interpretation of the word "compete" and argued that the District Court erred in finding that Kapoor's involvement in Ei EMS India Private Limited did not violate the Settlement Agreement. *Circuitronix*, 748 F. App'x at 245. The Eleventh Circuit rejected Circuitronix's arguments and affirmed the District Court's Final Order. *Id.* at 246.

While Kapoor successfully defended against Circuitronix's appeal in that the Eleventh Circuit affirmed the District Court decision, the undersigned finds that the litigants' position remained unchanged, i.e., neither party obtained relief in connection with the cross-motions to enforce the Settlement Agreement. *See, e.g.*, *Dear*, 2017 WL 5665359, at *7 (declining fee award where each party achieved some of what it sought, but neither achieved all of what it sought); *Meth Lab Cleanup*, 2016 WL 3172064, at *2 (declining to award attorneys' fees where the litigation was best characterized as a "wash"); *Winn-Dixie Stores*, 2016 WL 2918152, at *12 (declining to award attorneys' fees and costs where claims and counterclaims were all unsuccessful); *R.S.B. Ventures,* 2014 WL 11598000, at *4 (concluding that neither party so substantially prevailed on appeal as to be the "prevailing party" for purposes of fees).

15

Moreover, the parties' briefs do not address the specific issue. In the absence of Florida law applicable to the posture of this case, the undersigned likens this circumstance to fee-shifting scenarios in which the Eleventh Circuit has found that a party who is unsuccessful at trial, and fares no better on its appeal, should not be assessed appellate attorneys' fees unless the appeal is "frivolous, unreasonable, or without foundation." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir. 2005); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2017 WL 6610894, at *3 (S.D. Fla. Oct. 12, 2017), *aff'd*, 752 F. App'x 902 (11th Cir. 2018) (noting that some Florida statutes may entitle litigants to appellate attorneys' fees only if the litigant prevails on the underlying merits); *Mabry v. CitiMortgage, Inc.*, No. 2:07-CV-1042-VEH, 2007 WL 9711361, at *2 (N.D. Ala. Nov. 27, 2007) (applying the standard of *Young* to a Fair Credit Reporting Act case); *Wilson v. Dep't of Children & Families*, No. 3:02-CV-357J32TEM, 2007 WL 1100469, at *3 n.7 (M.D. Fla. Apr. 11, 2007) (noting that appellate attorneys' fees are not assessed unless the appeal was "frivolous, unreasonable, or without foundation").

Here, there is no indication that Circuitronix's appeal was frivolous or otherwise unreasonable. Moreover, as discussed above, the parties remained in the same legal position after appeal as they were before and after the District Court's Final Order regarding the Settlement Agreement. Based on these facts, the undersigned finds that the District Court should exercise its discretion and decline to award Kapoor appellate attorneys' fees.

### C. *Kapoor's Motion for Attorneys' Fees related to the Rule 60(b) Motion*

Kapoor also seeks an award of attorneys' fees and costs incurred in connection with Circuitronix's Motion for Relief from Final Order under Rule 60(b). *See* (ECF Nos. 145, 167).

By way of summary, in August 2018, Circuitronix sought post-judgment relief under Rule 60(b)(3), based on allegations that Kapoor had committed fraud and other misconduct during

discovery and at evidentiary hearings regarding enforcement of the Settlement Agreement. (ECF Nos. 145, 148). On December 4, 2018, the District Court denied Circuitronix's Motion for Relief from Final Order. (ECF No. 164). On January 3, 2019, Circuitronix filed a Notice of Appeal to the Eleventh Circuit. (ECF No. 165). On January 11, 2019, Kapoor filed the instant motion requesting fees incurred in connection with defending against the Rule 60(b) Motion.

Based on the procedural posture of the proceedings, where the Order denying Circuitronix's request for relief under Rule 60(b) remains on appeal, the undersigned finds that a ruling on attorneys' fees and costs related to the Rule 60(b) Motion would be premature. Consequently, the Court recommends that Kapoor's Motion for Attorneys' Fees related to the Rule 60(b) Motion be denied without prejudice pending the appeal of the District Court's ruling.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** as follows:

1. Kapoor's Motion for Fees and Costs (ECF No. 127) should be **DENIED**.

2. Circuitronix, LLC's Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (ECF No. 128) should be **DENIED**.

3. Kapoor's Application for Appellate Attorneys' Fees (ECF No. 156-1) should be **DENIED**.

4. Kapoor's Motion for Attorneys' Fees related to the Motion for Relief from Final Order under Rule 60(b) (ECF No. 167) should be **DENIED** without prejudice pending Circuitronix's appeal of the District Court's Order on the Rule 60(b) Motion.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D.

Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on April 12, 2019.

                                                         ALICIA O. VALLE
                                                         UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record