**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-61446-BLOOM/Valle**

CIRCUITRONIX, LLC,

    Plaintiff,

v.

SUNNY KAPOOR, *et al.*,

    Defendants.

_____/

# ORDER

**THIS CAUSE** is before the Court upon Defendant Sunny Kapoor's Motion for Fees and Costs ("Kapoor's Motion for Fees and Costs"), ECF No. [127], Circuitronix, LLC's Motion for Attorneys' Fees and Non-Taxable Expenses and Costs ("Circuitronix's Motion for Fees and Costs"), ECF No. [128], Sunny Kapoor's Application for Appellate Attorneys' Fees ("Kapoor's Application for Appellate Fees"), ECF No. [156-1], and Defendant Sunny Kapoor's Motion for Attorneys' Fees incurred in connection with Circuitronix's Motion for Relief from Final Order under Rule 60(b), ECF No. [167] (collectively referred to as the "Motions"). The Court previously referred the Motions to the Honorable Alicia O. Valle, United States Magistrate Judge, for a Report and Recommendation, ECF Nos. [159], [163], [170].

On April 12, 2019, Judge Valle issued a Report and Recommendation (the "Report"), recommending that the Motions be denied. *See* Report, ECF No. [175]. The Report advised the parties that objections to the Report must be filed within fourteen days. *Id.* at 17-18. Both parties timely filed objections to Judge Valle's Report. *See* ECF Nos. [179], [180]. Kapoor filed a response to Circuitronix's objection. *See* ECF No. [181].

## I. BACKGROUND

The underlying facts of the instant action stem from an employment dispute between Circuitronix and Kapoor, a former employee of the company. ECF No. [110] at 2. Following Kapoor's termination in 2015, Circuitronix filed suit against him, asserting claims for the improper dissemination of Circuitronix's proprietary information, self-dealing, and other alleged breaches of employment agreements. *Id.* In response to Circuitronix's claims, Kapoor filed a counterclaim against Circuitronix and its CEO, asserting claims for breach of employment contract, unlawful retaliation, civil theft, and unpaid wages. *Id.* In December of 2015, the parties entered into a settlement agreement, which was subsequently approved by the Court. ECF No. [44].

On December 30, 2015, Circuitronix filed its first motion for enforcement of the Settlement Agreement, claiming that Kapoor was competing directly with Circuitronix through work he was performing at the time for Bawa Machine and Tool Manufacturing ("BMTM"). *See* ECF No. [45]. That motion was resolved when the parties filed a Joint Stipulation on January 22, 2016, which specifically provided, *inter alia*, that "[p]ursuant to the Parties' Settlement Agreement, Kapoor shall not, directly or indirectly, engage in any line of Circuitronix's business, including within the scope of his work with [BMTM]." ECF No. [48]. The Joint Stipulation also identified certain metal parts that Kapoor's work with BMTM did not involve. *See id.* at 2 n.1.

On September 9, 2016, Kapoor filed a Motion to Enforce the Settlement Agreement. *See* ECF No. [50]. Kapoor filed the motion in response to letters sent by Circuitronix to BMTM and Koala Holdings, LLC ("Koala"), relating to Circuitronix's claim that Kapoor was improperly competing with the company in violation of the Settlement Agreement. ECF Nos. [73] at 3; [110] at 6. In the motion, Kapoor argued that the letters violated the Settlement Agreement's

confidentiality and non-disparagement clauses. ECF No. [50]. Kapoor further requested that he be granted limited discovery to determine if Circuitronix had sent any additional violative letters to third parties

On September 26, 2016, Circuitronix filed its own Cross-Motion to enforce the Settlement Agreement, claiming that Kapoor was competing directly with Circuitronix through work he was performing at the time for BMTM. *See* ECF No. [55]. Circuitronix also requested limited discovery in order to seek additional evidence of Kapoor's alleged breach of the Settlement Agreement. *See Id.*

The Court held an initial evidentiary hearing on the Cross-Motions on December 8, 2016. Following the initial evidentiary hearing, the Court entered an Order defining Circuitronix's line of business for purposes of the Settlement Agreement. ECF No. [73] at 12-13. Having defined Circuitronix's line of business, this Order also allowed Circuitronix limited discovery going forward to determine whether Kapoor materially breached the Settlement Agreement by competing in that line of business or "by otherwise violating the restrictive covenants found under paragraphs 4 or 5 of the Settlement Agreement." *Id.* at 15. With respect to relief, the Court held that Circuitronix would not be permitted to seek damages (including liquidated damages) for Kapoor's alleged breach of the Settlement Agreement. *See id.* at 13-15. Instead, the Court explained that it would only consider Circuitronix's Cross-Motion "insofar as it seeks injunctive relief" because Circuitronix failed to meaningfully comply with the conferral requirements under Local Rule 7.1(a)(3) before filing the Cross-Motion. *Id.* at 15. Regarding Kapoor's Motion, the Court held in the December 16, 2016 Order that the two letters Circuitronix sent to BMTM and Koala Holdings did not violate the confidentiality or non-disparagement clauses of the Settlement Agreement, and therefore denied Kapoor's Motion to that extent. However, the Court allowed

Kapoor limited discovery to determine whether other third-party communications that Circuitronix had apparently sent out violated the Settlement Agreements' confidentiality and non-disparagement clauses. *Id.* at 6-7, 15.

At the final evidentiary hearing, the Court addressed both parties' Motions to Enforce the Settlement Agreement. During the hearing, Kapoor conceded that the additional letters Circuitronix had sent out to third parties, which were produced during the parties' limited discovery, did not violate the Settlement Agreements' confidentiality and non-disparagement clauses. On August 10, 2017, after considering the evidence presented at the hearing and in the parties briefing, the Court issued an Order denying the respective Motions in a Final Order on Cross-Motions to Enforce Settlement Agreement. ECF No. [110]. Thereafter, Circuitronix appealed the Court's ruling. ECF No. [125]. On October 1, 2018, the Eleventh Circuit issued its mandate affirming the Court's Final Order. ECF No. [150]. The Eleventh Circuit transferred Kapoor's Application for Appellate Attorney's Fees to the District Court for its consideration on the Application. ECF No. [156]. The parties then renewed their respective request for attorneys' fees and costs. ECF Nos. [159], [163]. Defendant Kapoor also sought his attorneys' fees related to the fees incurred as a result of the filing of Circuitronix's Motion for Relief from Final Order, ECF No. [145]. ECF No. [167].

## II. DISCUSSION

Both parties have objected to the Report. *See* ECF Nos. [179], [180]. Defendant Sunny Kapoor objects to the Report's recommendation that his Motions for Attorneys' Fees be denied, arguing that while it initiated the post-settlement litigation, the substantial volume of the litigation related to the counterclaims asserted by Circuitronix. ECF No. [179], at 3-5. Defendant Kapoor also argues that the Report fails to undertake any factual analysis as to the significant issues tried,

4

and therefore has improperly determined the attorneys' fee issue to be a "wash." *Id.* at 2-6. Lastly, Kapoor argues that even if the Court adopts the Report's recommendation in denying his motions for attorneys' fees, his Application for Appellate Attorneys' Fees should nonetheless be granted. *Id.* at 11-14.

Circuitronix also objects to the Report's recommendation that its Motion for Fees and Costs be denied, and the Report's finding that no party was the "prevailing party." Specifically, Circuitronix argues that where a court has determined a "tie" has occurred, the party who was sued and found not liable should be determined to be the "prevailing party." ECF No. [180], at 1. Circuitronix further objects as to Judge Valle's finding that because both parties lost on all of their claims, there was a "compelling reason" to find that neither party prevailed. *Id.* at 2.

Turning to Defendant Kapoor's objections, the Court finds they are also without merit. Defendant Kapoor first appears to argue that the significant issue in an action should be determined by which issue resulted in the parties expending the most resources. However, Defendant Kapoor cites no authority to support this proposition. Further, an issue can be significant even if it was resolved efficiently by the Court during the duration of the litigation. Moreover, the Court disagrees with Defendant Kapoor's second objection that the Report fails to identify the significant issues that arose in this litigation. The Report specifically states

> [W]here both parties sought to enforce the Settlement Agreement and neither succeeded, the undersigned finds that the application of the "significant issues" test results in a "wash." Specifically, Kapoor lost on his claim that Circuitronix violated the Settlement Agreement's confidentiality and non-disparagement provisions . . . Similarly, Circuitronix lost its cross-motion to enforce the Settlement Agreement.

ECF No. [175], at 12-13. Here, the Court finds that the Report clearly delineates what the significant issues were relating the Motions. Moreover, the factual record from the multiple and lengthy hearing and numerous exhibits and testimony supports the finding that neither party

prevailed in their respective positions. Applying Florida law, the Eleventh Circuit Court of Appeals has construed the term "prevailing party" to be the party that has prevailed on the "significant issues in the litigation":

> The Florida Supreme Court has held that, in general, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992); *see also Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993) (courts should look to which party prevailed on the "significant issues"). In so holding, the Florida Supreme Court has taken guidance from the United States Supreme Court, which has "held that the test is whether the party 'succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Moritz*, 604 So. 2d at 809-10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)) (internal quotation marks and brackets removed). *Moritz* continued: "It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Id.* at 810.

*Chow v. Chak Yam Chau*, 2015 WL 7258668, at *5 (11th Cir. Nov. 17, 2015); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (stating that parties "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation....").

Consistent with the Report's findings and upon the Court's *de novo* review, it is clear that the significant litigated issues that relate to the pending Attorneys' Fees motions are two-fold. The first significant issue, a claim raised by Defendant Kapoor, was whether the correspondences sent by Circuitronix to the third-party companies violated the Settlement Agreement's confidentiality and non-disparagement provisions. The second significant issue, a claim raised by Circuitronix, was whether Kapoor materially breached the Settlement Agreement between the parties through his involvement with Imaginasian, Ltd. and Imaginasian Equipments Pvt. Ltd., Bawa Machine and Tool Mf. Co. and BMTM, and Koala. Both parties lost their respective motions and, as a result, prevailed on the other party's respective motion. Neither party was successful on the claims they each asserted, neither party was found liable and neither party was awarded damages or injunctive

relief. The Florida Supreme Court has made clear that trial courts also have the discretion to determine that there is no prevailing party and, thus, to decline to award attorney's fees to either party. *Trvtek v. Gale Indus.*, 3 So. 3d 1194, 1196 (Fla. 2009) ("[T]here is no mandatory requirement that the trial court determine that one party is the 'prevailing party.'"); *see also Schoenlank v. Schoenlank*, 128 So. 3d 118, 122 (Fla. 3d DCA 2013) (holding that trial court did not abuse its discretion by finding that both parties prevailed and neither was entitled to attorneys' fees award); *M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A.*, 975 So. 2d 1288, 1290 (Fla. 4th DCA 2008) (concluding that not abuse of discretion to decline fee award where parties "battled to a draw" and neither party prevailed).

The Court agrees with the Report's finding that compelling circumstances exist warranting the determination that neither party was the prevailing party. Where each party wins and each party loses on a significant issue, the court has the discretion to conclude that neither party prevailed in the litigation. Specifically, neither party prevailed on the claims brought and each party was only successful in the defense against one another's claims.

The Court also finds Defendant Kapoor's objection to the Report's denial of his appellate attorneys' fees to be without merit. In his objections, Defendant Kapoor argues that the Settlement Agreement between the parties contains a broad prevailing party attorneys' fees provision, which includes fees incurred on appeal. ECF No. [179], at 11. However, this provision explicitly states that it applies to the *prevailing party*. Here, the Report found and this Court agrees, there is no prevailing party. Therefore, the Court agrees with the Report that Defendant Kapoor is not entitled to his appellate attorneys' fees. The Court also agrees with the Magistrate Judge's analysis that the appeal filed by Circuitronix does not warrant an attorneys' fee award, as the appeal was not frivolous, unreasonable, or without foundation.

Accordingly, the Court agrees with the Report that neither party has prevailed in this litigation and therefore, neither party is entitled to fees. Defendant Kapoor's objections are overruled.

Regarding Circuitronix's first objection to the Report's conclusion that where a court determines that a "tie" has occurred, the party who was sued should be determined to be the prevailing party, such argument is without merit. The fees sought by the parties in the instant action were not a result of the initiation of the suit from its infancy, but rather was a collateral issue that was raised after the parties had settled the underlying dispute. Further, there is no bright-line rule as Circuitronix seems to argue here. Indeed, Courts in this District have regularly held that there is no prevailing party where each party loses on all or some of the claims brought. *See, e.g.*, *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665359, at *6 (S.D. Fla. Nov. 1, 2017) (concluding that where each party wins and each party loses on a significant issue, the court has the discretion to conclude that neither party prevailed), *report and recommendation adopted*, No. 15-60474-CIV, 2017 WL 5665361 (S.D. Fla. Nov. 20, 2017); *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-CV-3129-T-30TBM, 2016 WL 3172064, at *2 (M.D. Fla. June 7, 2016) (declining to award prevailing party attorneys' fees where each party received some of what it sought, but neither party received all what it sought); *Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc.*, No. 9:11-CV-80601-DMM, 2016 WL 2918152, at *12 (S.D. Fla. May 18, 2016) (acknowledging the court's discretion to deny "prevailing party" attorneys' fees where none of the parties succeeded on their claims or counterclaims). Accordingly, Circuitronix's objections have been thoroughly considered and are overruled.

### III. CONCLUSION

The Court finds Judge Valle's Report to be well reasoned and correct and the Court agrees with Judge Valle's analysis. Accordingly, having conducted a *de novo* review of Judge Valle's Report and Recommendation, having considered the objections thereto and otherwise being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Valle's Report, **ECF No. [175]**, is **ADOPTED**;

2. Plaintiff Circuitronix's Objections, **ECF No. [179]**, are **OVERRULED**;

3. Defendant Kapoor's Objections, **ECF No. [180]**, are **OVERRULED**;

4. Defendant Kapoor's Motion for Fees and Costs, **ECF No. [127]**, is **DENIED**.

5. Plaintiff Circuitronix's Motion for Attorneys' Fees and Non-Taxable Expenses and Costs, **ECF No. [128]**, is **DENIED**;

6. Defendant Kapoor's Application for Appellate Attorneys' Fees, **ECF No. [156-1]**, is **DENIED**; and

7. Defendant Kapoor's Motion for Attorneys' Fees Related to the Motion for Relief from Final Order under Rule 60(b), **ECF No. [167]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record